Albert A. KLEIMAN et ux., Appellants,

v.

A. Edwin WHITE, Jr., Appellee.

No. 11871.

Court of Civil Appeals of Texas, Austin.

Jan. 5, 1972.

Rehearing Denied Feb. 9, 1972.

Ludlum, Brady & Womack, Danny M. Womack, Austin (on appeal only), for appellants.

Joseph B. Latting, Coleman Gay, Austin, for appellee.

SHANNON, Justice.

Appellee, Dr. A. Edwin White, sued appellants, Dr. and Mrs. Albert Kleiman, in the District Court of Travis County for breach of a lease agreement. Upon trial to the court, judgment was entered for appellee for $34,103.16 together with attorney's fee.

In September of 1969 appellee and appellants signed an agreement in which appellants promised to build and appellee agreed to lease an office building. Appellants did not construct the building. According to the agreement appellant's obligation to build was subject to their obtaining reasonable financing. The relevant language concerning financing follows:

"Whereas, Lessors, subject to securing adequate and reasonable financing, intend to construct upon said premises certain improvements for Lessee . . ."

. . . . . .

Paragraph XV: "This agreement is expressly contingent upon Lessors' securing both interim as well as permanent financing reasonable to Lessors to erect said improvements."

Appellants' points of error one and two set out their defenses for non-performance, the first being that the "subject to financing clause" is too vague and general to authorize a judgment for damages, and the second being that the test of whether or not reasonable financing was available is subjective, requiring only that appellants not act fraudulently. Appellants' points of error three and four are that there was no evidence, or in the alternative, insufficient evidence that they acted in bad faith in their search for financing.

■ In support of point one, appellants rely on Bryant v. Clark, 163 Tex. 596, 358 S.W.2d 614 (1962) and Botello v. Misener-Collins Company, Ltd., 369 S.W.2d 793 (Tex.1971). These cases are not controlling in that contracts for the sale of land, governed by the Statute of Frauds, were considered there. Here, the requirements of the Statute of Frauds, if applicable to this class of case, are not a consideration since any Statute of Frauds defense which appellants might have had was waived by their failure to plead that defense. Rule 94, Texas Rules of Civil Procedure.

■ We hold that the lease provision is not too indefinite and uncertain. This holding is supported by Bendalin v. Delgado, 406 S.W.2d 897 (Tex.1966). In *Bendalin,* the plaintiff sued the defendant for specific performance of a verbal agreement to buy the plaintiff's shares of stock in the company should the plaintiff stop working for the company. There was no agreement upon the price to be paid for the shares, and the defendant contended that the verbal agreement was too vague to be enforced. The court held that, to the contrary, the agreement was specifically enforceable, and that a reasonable price, to be determined by the jury, was to be paid.

■ Appellants in point two maintain that the determination of whether or not reasonable financing was available is subjective and that the phrase, "financing reasonable to Lessors," means that appellants had complete discretion as to financing. Apparently, appellants desired 100% financing for not only the improvements, but also for the land. This utopian goal is appellants' claimed right under paragraph XV. We disagree with appellants' contention and hold that the test of "reasonable" to appellants in the lease agreement is objective and is whether, others similarly situated, would have considered the financing reasonable. Connell v. Avon Garage Company, 391 Pa. 189, 137 A.2d 765 (Pa. 1958).

■ There was testimony of the availability of financing which the court could have concluded was reasonable under the circumstances. Carroll Overton testified that he had obtained a promise of a loan for the project from Lumberman's Investment Corporation at 9½% or possibly 9¼% for 25 years, with one or two points at closing. Apparently this loan would have been for 90% of the cost of the project. Charles A. Betts, president of Franklin Federal Savings & Loan Association of Austin, testified that from September, 1969 through July, 1970 the interest rate for new loans was 9% or 9½% for a 20 year or 15 year loan. Betts also stated that he was familiar with the proposed location, and though a savings and loan association was not permitted to lend more than 80% of the appraised value of the property, in his opinion, a loan for 75% of the value could have been obtained. He said in addition that if the finished value of the property was $120,000.00, then that it would not be reasonable to expect to borrow $120,000.00. In an attempt to assist appellants to secure financing appellee testified that he had offered to go on the note with appellants as a co-maker, but that they had refused assuring him that all was well. It should be observed, in this

connection, that appellants admitted in their trial pleading that "some time prior to the filing of this lawsuit" (October 20, 1970) they had secured promises of reasonable interim and permanent financing.

 With respect to points of error three and four the record, some of which is summarized above, supports the trial court's presumed finding that appellants acted in bad faith. Appellee pleaded that appellants had acted in bad faith in the attempts to securing financing or in their evaluation of the proposal for financing. In the absence of findings of fact, as here, it is presumed that the trial court found all facts necessary to support the judgment. Construction and General Labor Union Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958 (1950).

Appellants in their sixth point claim that the court erred in finding that the passing of a reasonable time in which they were to perform entitled appellee to damages. While it is true that no date for securing the financing or completing the building was set in the lease agreement, it is equally true that in case no time for performance is specified, a reasonable time will be implied. Cheek v. Metzer, 116 Tex. 356, 291 S.W. 860 (1927). The lease agreement was entered into in September, 1969 and appellee's original petition was filed on October 20, 1970. We have no difficulty in holding under this record that a reasonable time had elapsed for the securing of financing before suit was filed.

Appellants' final point complains of the award of attorney's fees to appellee. Generally in this State, unless provided for by statute or contract, attorney's fees are not recoverable. Turner v. Turner, 385 S.W.2d 230 (Tex.1964).

Paragraph XII of the lease agreement provides in part that,

"Should legal services be employed to collect rentals due hereunder or *damages,* a reasonable sum shall be added to the amount of recovery for attorney's fees, together with all costs of court." (Emphasis added)

We hold that by the terms of the lease agreement appellee may recover attorney's fees incurred in a suit for "damages."

The judgment of the trial court is affirmed.

Affirmed.