**PORT CITY STATE BANK, Appellant,**

v.

**LEYCO CONSTRUCTION COMPANY, INC., Appellee.**

No. 8067.

Court of Civil Appeals of Texas, Beaumont.

Dec. 29, 1977.

Rehearing Denied Jan. 26, 1978.

David S. Elder, Houston, for appellant.

Charles L. Stidham, Austin, for appellee.

KEITH, Justice.

Defendant below appeals from an order overruling its plea of privilege to be sued in Harris County. Plaintiff sought actual and exemplary damages for what the parties have called an "attempted wrongful foreclosure." The events leading up to the filing of the suit are set out in the findings of fact filed by the trial court which we summarize without benefit of quotation marks: The parties have had a long standing debtor-creditor relationship with plaintiff borrowing from the bank over a period of many years. The proceeds of the loans have been used by plaintiff in its business of buying, developing, selling and mortgaging real property.

Plaintiff mortgaged certain real property situated in Montgomery County to secure certain indebtedness due to the defendant bank. Portions of the indebtedness were paid off from time to time and partial releases covering the particular lot or lots were executed by defendant bank. Plaintiff defaulted on some of its indebtedness and the bank accelerated the maturity of the debt and posted notices of trustee's sale of the property as described in the original deed of trust—including the property which had been included in the partial releases theretofore executed.

Plaintiff then sought and procured a temporary injunction restraining the trustee's

sale and no sale was conducted. Later, plaintiff brought this separate suit to recover actual and exemplary damages because of the alleged "attempted wrongful foreclosure." Plaintiff sought to maintain venue under the provisions of subdivision 23 of the venue statute. We reverse and order the cause transferred for the reasons now to be stated.

■ Under this subdivision, the plaintiff was required to plead specifically and to prove facts showing that a cause of action arose in its favor against the defendant. *Employers Casualty Company v. Clark,* 491 S.W.2d 661, 662 (Tex.1973). Of the three venue facts set out in *Admiral Motor Hotel of Texas, Inc. v. Community Inns,* 389 S.W.2d 694, 698 (Tex.Civ.App.—Tyler 1965, no writ) [(1) defendant is a private corporation; (2) plaintiff has, in fact, a cause of action against the defendant; and (3) the cause of action or a part thereof arose in the county of suit], two are without dispute in our record. But, plaintiff has cited to us no authority supporting the existence of a cause of action for "attempted wrongful foreclosure" and our research has not developed authorities showing the existence of any such cause of action.

We agree with defendant's assertion contained in its brief:

"The cause of action alleged by Leyco Construction is entirely novel . . . . Certainly, a debtor could have a cause of action for wrongful foreclosure, where a creditor purports to foreclose a security interest on property in which he has no valid lien. However, there is no reported case where a debtor received damages where a creditor mistakenly attempted to foreclose a security interest, but did not actually foreclose when apprised of the true facts before foreclosure took place. Further, there is no evidence that Leyco Construction sustained any damages as a result of the attempted foreclosure . . . ."

Plaintiff was required to prove a cause of action against defendant, and this included proof of damage. Although it was not re-quired to establish the amount of its damage, it was necessary to show that plaintiff did, in fact, sustain *some* damage by reason of defendant's conduct. *Chilton Corporation v. Moore,* 508 S.W.2d 679, 682 (Tex.Civ. App.—Fort Worth 1974, no writ); 1 McDonald, Texas Civil Practice § 4.30.2, at 518–519 (Rev.1965).

■ Assuming, arguendo, that plaintiff could show damages to the corporation by reason of payments made by an officer in his individual capacity (which we deny), attorney's fees are not recoverable unless provided by statute or contract. *Turner v. Turner,* 385 S.W.2d 230, 233 (Tex.1964); *Kleiman v. White,* 476 S.W.2d 375, 378 (Tex. Civ.App.—Austin 1972, writ ref'd n.r.e.). Such fees are not legal damages in this case.

The judgment of the trial court is reversed and the cause is remanded with instructions to transfer the entire cause to one of the district courts of Harris County.

REVERSED and REMANDED with instructions.