**Affirmed and Memorandum Opinion filed January 10, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00021-CV

## DAVID H. ANDERSON, Appellant

## V.

## BAXTER, SCHWARTZ & SHAPIRO LLP, Appellee

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2010-11371**

## M E M O R A N D U M   O P I N I O N

David H. Anderson appeals a summary judgment granted in favor of Baxter, Schwartz & Shapiro, LLP raising five issues on appeal. We affirm.

### Background

Anderson executed a mortgage note and deed of trust on August 4, 2006. AMC Mortgage Services sent Anderson a notice of intent to foreclose on August 2, 2007, informing Anderson that he (1) failed to make his mortgage payment on the house in the amount of $859.54 by July 1, 2007; and (2) must remit $1,847.81 by September 6, 2007

"to cure this default and attempt to bring an end to these foreclosure proceedings." Appellee sent a debt collection letter to Anderson on January 20, 2010, informing him that it "has been retained by American Mortgage Servicing, Inc. (OOM), the Mortgage Servicer for Deutsche Bank National Trust Company . . . to initiate foreclosure proceedings because of a breach in payment" of the promissory note. Appellee sent a notice of acceleration and posting to Anderson on February 4, 2010; the notice included a notice of trustee's sale scheduled for March 2, 2010.

Anderson sued appellee on February 22, 2010 for wrongful foreclosure and violation of the Fair Debt Collection Practices Act (FDCPA). In his petition, Anderson alleged that (1) he never received "the first notice of default and intent to accelerate" as required by Texas Property Code Section 51.002; and (2) appellee "clearly violated at least [] one of the laws [o]f the United States Code that governs the Fair Debt Collection Practices Act." He asked for $1,000,000 in punitive damages, "interest thereon at the maximum legal rate, both pre-judgment [a]nd post-judgment, that Plaintiff have and recover costs of Court against Defendant and that Plaintiff have such other relief, general and specific, both [a]t law and in equity, to which Plaintiff may be justly entitled."

Anderson filed a motion for temporary restraining order on February 24, 2010 to prevent appellee from foreclosing on the house. The trustee's sale was postponed.

On April 13, 2010, appellee sent another notice of acceleration and posting to Anderson; the notice also included a notice of trustee's sale scheduled for May 4, 2010. Anderson moved for a temporary restraining order against appellee on April 26, 2010 to prevent appellee from going forward with the trustee's sale; the trial court granted his motion on May 3, 2010. The trial court also scheduled a temporary injunction hearing for May 14, 2010. The trial court signed an order denying a temporary injunction to enjoin appellee from "taking any foreclosure proceedings," and ordered that a foreclosure may proceed "with a foreclosure sale date of not earlier than July 6, 2010."

After an unsuccessful attempt to mediate, appellee filed a combined traditional and no-evidence motion for summary judgment on November 10, 2010. Under its traditional

2

summary judgment heading, appellee argued that it is entitled to judgment as a matter of law because (1) appellee is not liable in the capacity in which it has been sued because appellee owns no interest in the subject property, "merely acted as a law firm conducting the foreclosure at the instruction and direction of the mortgage servicer," discharged its duties in representing its client, and is exempt from liability; (2) there are no wrongful foreclosure damages because a "foreclosure did not occur;" (3) appellee complied with the requirements of Texas Property Code Section 51.002 because a notice of default and intent to foreclose, fair debt letters, and two notices of acceleration and posting were given to Anderson; and (4) Anderson was sent a notice of breach and intent to accelerate more than thirty days before acceleration. Under its no-evidence motion for summary judgment heading, appellee argued that it is entitled to judgment because "Anderson can provide no evidence in support of any of the elements of his cause of action against [appellee] for violations of the Fair Debt Collection Practices Act."

Anderson filed a response to appellee's summary judgment motion arguing that appellee is not entitled to summary judgment because (1) an attorney is not protected "from liability claims out of representation of a client" when the attorney participates in fraudulent activities and, here, appellee used an "invalid letter of intent to foreclose of 3 years ago, and a fraudulent assignment in conducting this foreclosure;" (2) a foreclosure is complete when a notice of the trustee's sale is posted for the first time and, in this case, the foreclosure occurred when appellee posted Anderson's "house for sale on March 2, 2010;" and (3) there is no evidence that the August 2, 2007 notice of intent to foreclose was to be carried forward so that the "foreclosure attempt" required a new notice of intent. Anderson also argued that appellee is not entitled to a no-evidence summary judgment because there is evidence of "the following violations of the FDCPA": (1) "15 U.S.C. [1692](f) . . . taking or threatening to take any non-judicial action to repossess property if there is no present right to possession of the collateral;" and (2) "15 U.S.C. 1691(g) — sending a collection letter with language that overshadows other language in the letter giving notice of the 1691(g) validation rights."

3

The trial court signed an order granting summary judgment in favor of appellee on December 13, 2010. Anderson timely filed his notice of appeal.

**Analysis**

Anderson raises five issues on appeal. Anderson contends that the trial court erroneously granted summary judgment in favor of appellee because (1) appellee is liable in the capacity in which it has been sued after having participated in "fraudulent activities" and "violated numerous state and federal laws, among which was a felony;" (2) appellee's "intentional wrongful foreclosure attempts led to intentional emotional distress" which constitutes "a valid claim for damages" and appellee's "intentional filing of invalid and fraudulent documents" led to Anderson's "sudden medical problems;" (3) appellee did not strictly adhere to the notice requirements set out in Texas Property Section 51.002 to "perform a non-judicial foreclosure in Texas;" (4) the "2010 non-judicial foreclosure attempts required a new notice of intent" and "future foreclosure sales cannot be predicated on earlier notices" like the August 2, 2007 notice of intent; and (5) the affidavit of Joyce Justice attached as evidence to the summary judgment motion is "totally invalid and unacceptable according to the law" because Justice swore she has "knowledge" and not "personal knowledge of the contents of that affidavit."

We review a trial court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We must affirm a summary judgment if any ground in the motion that would support the judgment is meritorious. *Progressive Cnty. Mut. Ins. Co. v. Kelley*, 284 S.W.3d 805, 806 (Tex. 2009).

A traditional summary judgment may be granted if the motion and summary judgment evidence establish there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). In reviewing a traditional summary judgment,

4

we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 824-25 (Tex. 2005).

A no-evidence motion for summary judgment under Rule 166a(i) must be granted if (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements. *Duerr v. Brown*, 262 S.W.3d 63, 69 (Tex. App.—Houston [14th Dist.] 2008, no pet.). In reviewing a no-evidence motion for summary judgment, we view all of the summary judgment evidence in the light most favorable to the non-movant, "crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). The non-moving party is not obligated to marshal its proof, but it is required to present evidence that raises a genuine fact issue on the challenged element. *Id.* (citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)).

The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied); *Young v. Tex. First Bank*, No. 01-08-00835-CV, 2010 WL 1492296, at *8 (Tex. App.—Houston [1st Dist.] Apr. 15, 2010, pet. denied) (mem. op.). Therefore, to recover on a wrongful foreclosure claim, the property in question must have been sold at a foreclosure sale. *See id.*

As Anderson acknowledges, no foreclosure sale has occurred in this case. Thus, Anderson cannot recover on his claim for wrongful foreclosure as a matter of law, and

the trial court correctly granted summary judgment with regard to this claim. Additionally, each of Anderson's five issues on appeal depend on the assumption that a wrongful foreclosure occurred. However, because it is undisputed that no foreclosure sale occurred in this case, there can be no wrongful foreclosure and Anderson's issues are without merit.

In his first issue, Anderson argues that appellee is "liable in the capacity in which [it had] been sued" because it participated in "fraudulent activities" and "violated numerous state and federal laws, among which was a felony." Anderson sued appellee for wrongful foreclosure; however, because there was no foreclosure sale in this case, Anderson cannot recover on his claim for wrongful foreclosure. Therefore, the capacity in which Anderson sued appellee is irrelevant.

In his second issue, Anderson contends that, contrary to appellee's assertion in the trial court "that there were no Wrongful Foreclosure damages," appellee's "intentional wrongful foreclosure attempts led to intentional emotional distress" which constitutes "a valid claim for damages." Anderson did not assert a claim for attempted wrongful foreclosure in the trial court. Anderson stated as follows in his summary judgment response: "[Appellee] stated that 'Attempted wrongful Foreclosure' is not a recognized cause of action in Texas, and I believe that that is correct." Further, Anderson cannot recover for damages allegedly caused by an attempted wrongful disclosure because such a cause of action is not recognized. *See Port City State Bank v. Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1977, no writ).

In his third issue, Anderson asserts that appellee failed to strictly adhere to the notice requirements set out in Texas Property Code Section 51.002. In his fourth issue, Anderson claims appellee was required to send him a new notice of intent to foreclose because "future sales cannot be predicated on earlier notices" of intent. As stated above, Anderson cannot recover on his claim for wrongful foreclosure as a matter of law because there was no foreclosure sale in this case. Therefore, it is irrelevant whether appellee indeed followed all notice requirements and provided a proper notice of intent.

In his fifth issue, Anderson contends that Joyce Justice's sworn affidavit is "totally invalid and unacceptable according to the law" because Joyce swore she had "knowledge" and not "personal knowledge of the contents of that affidavit." Again, because it is undisputed that no foreclosure sale occurred in this case, it is irrelevant whether Justice swore she had "knowledge" rather than "personal knowledge."

Accordingly, we overrule Anderson's five issues on appeal.[1]

## Conclusion

We affirm the trial court's judgment.


/s/      William J. Boyce
         Justice


Panel consists of Justices Brown, Boyce, and Christopher.

---

[1] Anderson does not challenge on appeal the trial court's summary judgment with respect to his asserted claim for violations of the Fair Debt Collection Practices Act.