WELLS, Chief Judge.
The Bank of New York Mellon, as Successor Trustee under Novastar Mortgage Funding Trust 2005-1, appeals from the denial of its Florida Rule of Civil Procedure 1.540(b) motion to set aside a default final judgment nullifying an unpaid promissory note. Because we conclude that the default final judgment is void, we reverse.
This action was commenced on April 28, 2009, when the Bank filed a simple four-page complaint to foreclose a mortgage securing a $293,500 promissory note (Count I) and to reestablish that note (Count II). The borrowers, Miguel and Desiree Reyes, responded to the complaint claiming that the mortgage at issue had been modified in September 2008 and that it was not in default. They also filed a counterclaim alleging that the Bank had breached its contract with them by seeking to foreclose the mortgage and sought to nullify the mortgage:

COUNT I

BREACH OF CONTRACT

[[Image here]]
42. The Loan Modification Agreement [entered into between the Bank and the Defendants] was drafted by the Plaintiff and/or Plaintiffs attorney-in-fact and agreed to by the parties.
43. Once accepted and all conditions to it were complied [with] by the parties, the Loan Modification Agreement made the mortgage current and not in default.
44. Due to the failure of the Plaintiff to honor the terms of the Loan Modification Agreement and by filing a foreclosure action against the Defendants, the Plaintiff has committed a material breach of the mortgage and the Loan Modification Agreement and as such this material breach has thus nullified the mortgage and Loan Modification Agreement.
45. Plaintiff knew that the mortgage was modified, that the mortgage was not in default and the Plaintiff knew it has no right to foreclose against the Defendants.
46. Defendant has suffered damages and has been required to retain the undersigned law firm for the defense and prosecution of this suit.
WHEREFORE, Defendants] demand[] judgment be made in favor of the Defendants] and that the Plaintiff by filing an action for foreclosure when it knew it did not have the right to do so, materially breached the mortgage and therefore the mortgage is null and void.
The Reyeses sought no relief from the underlying promissory note. A little more than two months after the foreclosure complaint was filed, the Bank moved to voluntarily dismiss and, on December 4, 2009, the court below entered an order “DISMISSING CASE AND CANCELING NOTICE OF LIS PENDENS.”
On February 25, 2010, the Reyeses moved for a default for the Bank’s failure to file a responsive pleading to their counterclaim. The Bank sought to avoid a default claiming confusion over another foreclosure action between these parties pending in another division of the court under a different number and claiming that it had no knowledge of any pending counterclaim in the instant action, a fact it argued was supported by the absence of a counterclaim on the court’s case docket. Concluding that the Reyeses’ counterclaim had been served on the Bank in September 2009 and that no response had been asserted, a default was entered against the *307 Bank on the Reyeses’ breach of contract claim.
On February 2, 2011, a final default judgment on the Reyeses’ breach of contract claim was entered. However, that judgment made no mention whatsoever of the mortgage the Reyeses claimed was null and void and instead declared the promissory note executed by the Reyeses “null and void” and obligated the Bank to hold the Reyeses harmless thereon:

FINAL DEFAULT JUDGMENT

This action was heard en banc for Plaintiff/Counter-Defendant’s failure to serve any papers or pleadings as required by the Rules of Civil Procedure in a timely fashion, it is,
ORDERED AND ADJUDGED as follows:
The Note is null and void. The legal liability of the note no longer exists. Should any claim ever be pursued against the Defendants/Counter-Plaintiff on the Note which was the subject of this case, since the note was lost, Bank of New York Mellon .as Successor Trustee of Novastar Funding Trust 2005-1 or any Successor Bank, shall be responsible to hold harmless and indemnify the Defendants/Counter-Plaintiff from any liability should the original appear in the context of another case. This Honorable Court awards the amount of $341.00, in cost and the amount of $3500.00 in attorney fees. The Court reserves jurisdiction to determine reasonable attorney fees and cost.
The Bank subsequently moved to vacate the final judgment under Rule 1.540(b).[1] The Bank appeals from denial of that motion and its supplemental filings. Because we conclude that the judgment was void, we reverse.
The judgment entered below was entered on a default. As such, its validity is underpinned on an admission of the truth of the well pleaded allegations asserted in the counterclaim and can find no support in facts not properly pleaded, or as here, not pleaded at all. The default judgment entered below could not, therefore, afford relief not supported by the pleadings:
A default judgment:
Operates as an admission of the truth of the well pleaded allegations of the pleading, except those concerning damages. It does not admit facts not pleaded, not properly pleaded or conclusions of law. Fair inferences will be made from the pleadings, but forced inference will not be made. The party seeking affirmative relief may not be granted relief that is not supporte[]d by the pleadings or by substantive law applicable to the pleadings. A party in a default may rely on these limitations.
Bd. of Regents v. Stinson-Head, Inc., 504 So.2d 1374, 1375 (Fla. 4th DCA 1987) (emphasis added) (quoting H. *308 Trawick, Trawick’s Florida Practice and Procedure § 25-4 (1986 ed.)).
Mullne v. Sea-Tech Constr., Inc., 84 So.3d 1247, 1248-49 (Fla. 4th DCA 2012).
The counterclaim at the heart of this matter alleges nothing more than a purported breach by virtue of the Bank having filed an action to foreclose a mortgage that was not in default. Other than a bald assertion that the Bank’s attempt to foreclose was “unconscionable,” no fraud, mistake, undue influence, or other equitable ground that would support rescission of the mortgage modification agreement or the mortgage was alleged. “The rule is well settled in this country that cancellation or rescission will not be granted solely for breach of contract, in the absence of fraud, mistake, undue influence, multiplicity of suits, cloud on title, trust, or some other independent ground for equitable interference.” Int’l Realty Assocs. v. McAdoo, 87 Fla. 1, 99 So. 117, 119 (1924). Since the counterclaim alleges no more than a breach of contract, no rescission, not even rescission of the mortgage agreement and the mortgage itself, could be granted.[2]
More to the point, because the counterclaim makes no mention of the promissory note secured by the mortgage at issue here and alleges no grounds on which relief from that note might be granted, the court below was without authority to nullify or cancel it. A promissory note is not, of course, a mortgage:
“The promise to pay is one distinct agreement, and, if couched in proper terms, is negotiable. The pledge of real estate to secure that promise is another distinct agreement, which ordinarily is not intended to affect in the least the promise to pay, but only to give a remedy for failure to carry out the promise to pay. The holder of the note may discard the mortgage entirely, and sue and recover on the note.”
Taylor v. Am. Nat’l Bank of Pensacola, 63 Fla. 631, 57 So. 678, 685 (1912) (quoting Thorpe v. Mindeman, 123 Wis. 149, 101 N.W. 417 (1904)). See also Grier v. M.H.C. Realty Corp., 274 So.2d 21, 22 (Fla. 4th DCA 1973) (confirming that suit may be brought on a note without foreclosing a mortgage “as they are distinct agreements” (quoting Taylor, 57 So. at 678)). Thus even if the counterclaim had stated a cause of action for rescission of the mortgage securing payment of the instant note (and it does not), no such claim was asserted as to the promissory note itself,[3] thereby depriving the court below of any authority to nullify the note.
*309 As our sister court in Mullne recently confirmed in reversing the denial of a Rule 1.540(b) motion, a judgment which grants relief wholly outside the pleadings is void. Mullne, 84 So.3d at 1249 (“The judgment was void ... because the trial court was without jurisdiction to award relief that was not requested by the complaint.”). See also Homestead-Miami Speedway, LLC v. City of Miami, 828 So.2d 411, 413 (Fla. 3d DCA 2002) (confirming that courts are not authorized to grant relief not requested in the pleadings); Cardinal Inv. Gp., Inc. v. Giles, 813 So.2d 262, 263 (Fla. 4th DCA 2002) (“[Cjourts are not authorized to grant relief not requested in the pleadings.”). Because the judgment below grants relief wholly outside the pleadings on which the default was entered, it is void and should have been vacated by the court below.
The order entered below denying the Bank’s 1.540(b) motion and its supplements is therefore reversed and the default final judgment is hereby vacated with instructions to the court below to determine whether the Reyeses are entitled to any damages and, if so, in what amount.[4]

. Florida Rule of Civil Procedure 1.540(b), provides in part: “On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons ... (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.” We conclude that the bank’s amended motion to vacate citing Rule 1.540(b) and argument in that motion that the judgment "went beyond the relief available and is inequitable as a result” was sufficient to encompass a valid claim under that rule.

. A party cannot simultaneously enforce a contract and disavow it. See Hustad v. Edwin K. Williams & Co.-East, 321 So.2d 601, 603 (Fla. 4th DCA 1975) (recognizing that damages for breach of contract and rescission are mutually exclusive remedies, such that ”[i]f the contract is rescinded, it is as though it had never existed, but if the remedy sought is damages for its breach the injured party necessarily thereby recognizes and affirms the initial validity and enforceability of the contract.”).

. The "prerequisite to rescission is placing the other party in status quo ... [M]oreover a party's right to rescind is subject to waiver if he retains the benefits of a contract after discovering the grounds for rescission.” Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co., 761 So.2d 306, 313 (Fla.2000). The promissory note nullified here acknowledges the payment of $293,500 to the Reyeses in exchange for their promise to repay that amount with interest. The complaint does not allege, nor does the record reflect, that the proceeds of this note and benefits received therefrom by the Reyeses were returned to the Bank. In short, there is no allegation, much less record evidence, that the Reyeses agreed to, or actually did, return the Bank to the status quo ante. Absent such allegations and showing, no rescission was possible. See generally Head v. Lane, 495 So.2d 821, 824 (Fla. 4th DCA 1986) (noting that a party who ac *309 cepts the benefits of a transaction is estopped from repudiating the accompanying or resulting obligation).

. We note that while Florida recognizes a cause of action for wrongful foreclosure, no Florida court has yet recognized a cause of action for attempted wrongful foreclosure. See Republic Nat'l Life Ins. Co. v. Creative Invs. Real Estate, Inc., 429 So.2d 87 (Fla. 5th DCA 1983); Raines v. GMAC Mortgage Co., No. 3:09-CV-00477-J-25HTS, slip op. at 2 (M.D.Fla. Dec. 10, 2009) ("Based on ... limited information [detailed in a single opinion] and the lack of relevant case law in Florida, the Court does not believe that a cause of action for attempted wrongful foreclosure exists in Florida. Moreover, other jurisdictions do not recognize a cause of action for attempted wrongful foreclosure. See, e.g., Reese v. First Mo. Sank [sic] & Trust Co. of Creve Coeur, 736 S.W.2d 371, 373 (Mo.1987) (concluding that "there is no cause of action for attempted wrongful foreclosure”); Port City State Bank v. Leyco Constr. Co., 561 S.W.2d 546, 547 (Tex.Civ.App.1977) (concluding that there is no cause of action for attempted wrongful foreclosure "where a creditor mistakenly attempted to foreclose a security interest, but did not actually foreclose when apprised of the true acts before foreclosure took place”)”).