DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONALD MILLER** and **MARY T. MILLER,**
Appellants,

v.

**THE BANK OF NEW YORK MELLON** f/k/a **THE BANK OF NEW YORK,** as **TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWMBS, INC., CHL MORTGAGE PASS-THROUGH TRUST 2006-8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-8, BANK OF AMERICA, N.A.,** successor by merger to **COUNTRYWIDE BANK, FSB** f/k/a **COUNTRYWIDE BANK, N.A., OCEAN PEARL II HOMEOWNER'S ASSOCIATION, INC., UNKNOWN TENANT #1,** and **UNKNOWN TENANT #2,**
Appellees.

No. 4D15-36

[April 27, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312013CA000481.

Shirlarian N. Williams, Peter Ticktin and Kendrick Almaguer of The Ticktin Law Group, P.A., Deerfield Beach, for appellants.

J. Kirby McDonough and S. Douglas Knox of Quarles & Brady LLP, Tampa, for appellees The Bank of New York Mellon f/k/a The Bank of New York Mellon As Trustee for the certificate holders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-8, Mortgage Pass Through Certificates, Series 2006-8.

ON MOTION FOR REHEARING

DAMOORGIAN, J.

On consideration of Appellee's motion for rehearing, the Court denies the motion, withdraws the opinion filed March 2, 2016, and substitutes the following opinion in its place.

Appellants, Donald and Mary Miller, appeal a final judgment of foreclosure in favor of The Bank of New York Mellon (the "Bank"). Appellants argue that the judgment should be reversed because the Bank failed to establish that it complied with conditions precedent to filing suit. Based on the trial court's finding to the same, we reverse.

Following a bench trial in front of a magistrate in a routine mortgage foreclosure action, the trial court entered judgment in favor of the Bank for past due amounts under the subject note. However, the trial court declined to award the accelerated amount due under the note based upon its finding that the Bank did not send proper notice of acceleration as required by paragraph twenty-two of the mortgage. In awarding the past due amounts, the court reasoned that "failure to comply with paragraph [twenty-two] does not affect entitlement to foreclose on past due installments."

Our holding in *Holt v. Calchas, LLC*, 155 So. 3d 499 (Fla. 4th DCA 2015) dictates otherwise. In *Holt*, we explained on rehearing:

> Although in our previous opinion, which is now withdrawn[1], we construed paragraph twenty-two as relating to acceleration remedies and not past due amounts, upon consideration of Holt's motion for rehearing, we are satisfied that failure to prove compliance with paragraph twenty-two at trial requires dismissal of the case due to the requirements imposed by paragraph twenty of the mortgage, which provides:
>
>> Neither Borrower nor Lender may commence ... any judicial action pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party ... of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. .... The notice of acceleration and opportunity to cure given to Borrower pursuant to [paragraph] 22 ... shall be deemed to satisfy the notice and opportunity to

---

[1] The final judgment appealed was rendered before we issued our opinion in *Holt* on rehearing and as such, the trial court relied on the withdrawn version of *Holt* in awarding the Bank past due amounts.

2

> take corrective action provisions of this [paragraph] 20.

*Id.* at 507 n.4.

Paragraph twenty of the mortgage at issue in this case contains identical language to that quoted by *Holt*. Accordingly, *Holt* compels us to conclude that the trial court erred in entering judgment in favor of the Bank for past due amounts and foreclosure in light of its finding that the Bank failed to comply with the notice requirements in the mortgage. The proper remedy in light of such determination was a complete dismissal. *Id.*

Although the Bank challenged the merits of the court's finding regarding the Bank's failure to comply with the mortgage's notice requirements in its answer brief, the issue is not properly before us as the Bank did not file a cross-appeal. On rehearing, the Bank asserts that it did not need to file a cross-appeal as it seeks to defend final judgment in its favor. However, the Bank overlooks the fact that the court ruled in Appellants' favor on the notice issue, and based on this ruling, refused to accelerate the note. If we were to hold that the court erred in determining that the Bank did not comply with the notice requirements of the mortgage, then the judgment for past due amounts would be legally incorrect, and we would be compelled to reverse and remand for entry of a new judgment for the entire accelerated amount of the note. We cannot take such action in absence of a cross-appeal. *See Cespedes v. Yellow Transp., Inc. (URC)/Gallagher Bassett Servs., Inc.*, 130 So. 3d 243, 249 (Fla. 1st DCA 2013).

*Reversed.*

TAYLOR and GERBER, JJ., concur.

\* \* \*

3