# Third District Court of Appeal

## State of Florida

Opinion filed November 16, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-625
Lower Tribunal No. 12-42973
_____

**Omar G. Lopez and Yassiri Sardinas,**
Appellants,

vs.

**JP Morgan Chase Bank, N.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marvin H. Gillman, Senior Judge.

Robert Flavell, P.A., and Robert Flavell, for appellants.

Kass Shuler, P.A., and Melissa A. Giasi (Tampa), for appellee.

Before WELLS, SHEPHERD and SCALES, JJ.

SCALES, J.

Appellants Omar G. Lopez and Yassiri Sardinas (together "Borrowers") appeal a final judgment of the Miami-Dade County Circuit Court awarding a

money judgment in a residential foreclosure case, in the amount of $294,685.09, to Appellee Bayview Loan Servicing, LLC ("Bayview").[1] At the conclusion of the trial, after finding that Chase Bank had failed to comply with the mortgage's notice provision, the trial court split Bayview's foreclosure claim into separate claims for money damages and foreclosure. The trial court then entered a final judgment awarding Bayview money damages under the note while dismissing, without prejudice, the foreclosure claim. Because the remedy crafted by the trial court is inconsistent with the trial court's factual finding regarding Chase Bank's non-compliance with the mortgage's notice provision, we are compelled to reverse.

In 2006, Chase Bank loaned Borrowers $214,139.85. The loan was memorialized with a promissory note and was secured by a mortgage encumbering Borrowers' condominium property in Miami, Florida. Borrowers failed to make their installment payment due on May 1, 2009, or any subsequent installment payment. On October 10, 2012, Chase Bank sent Borrowers a default notice letter pursuant to paragraph 22 of the mortgage.[2]

---

[1] J.P. Morgan Chase Bank, N.A. ("Chase Bank"), the original lender, filed the mortgage foreclosure complaint in 2012. During the pendency of the trial, Chase Bank assigned its interest in the promissory note and mortgage to Bayview. On April 24, 2014, the trial court granted an order substituting Bayview as the party plaintiff.

[2] Paragraph 22 of the mortgage states, in pertinent part:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or

2

Chase Bank's notice letter gave Borrowers thirty-five days, or until November 14, 2012, to cure the default.[3] Chase Bank, however, filed its foreclosure complaint on October 30, 2012, without giving Borrowers at least thirty days to cure the default, as required by paragraph 22 of the mortgage. Chase Bank's single-count complaint sought only to foreclose on the mortgage, and did not contain a separate count or claim for money damages under the promissory note.

After conducting a trial, the trial court found that Chase Bank had failed to comply with paragraph 22 of the mortgage, and that Chase Bank's premature filing of its foreclosure complaint – prior to allowing Borrowers at least thirty days to cure the default as required by paragraph 22 of the mortgage – constituted a

agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, *not less than 30 days from the date the notice is given to Borrower*, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the property . . . . If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. (emphasis supplied)

[3] In pertinent part, Chase Bank's notice provides: "If you fail to cure the default on or before November 14, 2012, Chase may accelerate the maturity of the Loan, declare all sums secured by the [mortgage] immediately due and payable, and commence foreclosure by judicial proceedings . . . ."

material failure by Bayview to establish a condition precedent to foreclosure. The trial court entered an order involuntarily dismissing Bayview's foreclosure claim, without prejudice.[4]

Notwithstanding the trial court's finding that Chase Bank had failed to comply with paragraph 22 of the mortgage, thereby failing to establish a condition precedent to both acceleration and foreclosure, the trial court nevertheless awarded Bayview money damages pursuant to the promissory note and entered a final judgment against Borrowers that included the loan's fully accelerated amount of $294,685.09. Borrowers appeal the final judgment, arguing that the trial court's unchallenged determination that Chase Bank failed to comply with the mortgage's notice provision required a complete dismissal of the foreclosure action. Accordingly, Borrowers assert that the trial court is precluded from fashioning the alternate remedy of entering a money judgment, presumably based on the promissory note.[5]

---

[4] As discussed more fully below, Bayview did not file a cross appeal in this case to challenge this finding.

[5] The record is unclear as to why the trial court fashioned this alternate remedy for Bayview after making its ruling that Bayview's foreclosure claim required dismissal. Further, and on a related note, we are puzzled as to why the dismissal of the foreclosure claim was "without prejudice." A trial court's involuntary dismissal after a trial on the merits operates as an adjudication that, ordinarily, is "with prejudice." Fla. R. Civ. P. 1.420(b). Our holding obviates the need to speculate about these issues. Suffice to say, the trial court's remedy – coupling a dismissal without prejudice of the foreclosure claim with a final money judgment on the promissory note – essentially adjudicated an unpled claim for breach of promissory

4

We are guided by two recent decisions of our sister court, <u>Miller v. Bank of N.Y. Mellon</u>, 189 So. 3d 359 (Fla. 4th DCA 2016) and <u>Holt v. Calchas, LLC</u>, 155 So. 3d 499 (Fla. 4th DCA 2015).[6] The <u>Holt</u> court held that the lender failed to introduce evidence that it had complied with the mortgage's notice provision. <u>Holt</u>, 155 So. 3d at 507. The <u>Holt</u> court concluded that the lender's failure to comply with this condition precedent in the mortgage warranted "dismissal of the entire case," rather than merely precluding the lender's acceleration right. <u>Id.</u> at 507 n.4.

In <u>Miller</u>, the trial court, despite determining that the lender had not complied with the mortgage's notice provision, nevertheless found that such failure precluded only the lender's ability to accelerate, and did not affect the lender's entitlement to past due installments. <u>Miller</u>, 189 So. 3d at 361. Relying on <u>Holt</u>, the <u>Miller</u> court reversed the judgment for the lender, concluding that the trial court's determination that the lender had not complied with the mortgage's notice provision[7] required "a complete dismissal." <u>Id.</u>

---

note and therefore was error. <u>See, e.g.</u>, <u>Bank of N.Y. Mellon v. Reyes</u>, 126 So. 3d 304, 309 (Fla. 3d DCA 2013).

[6] We note that the trial court did not have the benefit of these decisions.

[7] While paragraph 22 of the mortgage in our case differs somewhat from its counterparts in both <u>Holt</u> and <u>Miller</u>, all of these provisions plainly establish a condition precedent to foreclosure; that is, before the lender may institute a judicial proceeding under the mortgage, the borrower must receive notice of a right to cure the default.

It bears noting that the lender in <u>Miller</u> argued in its answer brief that the district court should entertain a challenge by the lender to the trial court's ruling that the lender had failed to comply with the mortgage's notice provision. <u>Id.</u> The <u>Miller</u> court concluded that it could not review the trial court's determination because the lender did not file a cross appeal. <u>Id.</u> at 361-62. Bayview makes the identical argument to us in its answer brief. Even if we were to have reason to discredit the trial court's conclusion that Chase Bank failed to comply with paragraph 22 of the mortgage, or that Chase Bank's non-compliance was material, these issues have not been preserved for review by cross appeal. <u>See</u> <u>Webb Gen. Contracting, Inc. v. PDM Hydrostorage, Inc.</u>, 397 So. 2d 1058, 1059-60 (Fla. 3d DCA 1981) ("The function of a cross-appeal is to call into question error in the judgment appealed, which, although substantially favorable to the appellee, does not completely accord the relief to which the appellee believes itself entitled.")

The trial court's factual determination that Chase Bank failed to comply with a condition precedent to foreclosure – the notice provision of paragraph 22 of the mortgage – required the trial court to involuntarily dismiss Bayview's foreclosure case, with prejudice, and precluded the trial court from fashioning the unpled, alternate remedy reflected in the judgment on appeal. Therefore, we reverse the final judgment, and remand for entry of an order of involuntary dismissal with prejudice.

6

Reversed and remanded with instructions.

WELLS, Judge, specially concurring.

I agree with majority's conclusion that on the facts of this case the trial court could not fashion the alternate remedy of a money judgment in the bank's favor where a prayer for such relief was not pled in the underlying complaint. I also agree that this case must be reversed and remanded for entry of an order of involuntary dismissal. I do so because the bank failed to file a notice of cross appeal, thereby failing to preserve for appellate review the trial court's determination that the bank had not complied with the mortgage's notice provision. But for the bank's failure to cross appeal this issue, I would reverse for entry of final judgment of foreclosure in the bank's favor for the reasons that follow. I also write separately to emphasize that although the majority agrees with the trial court that this matter should be dismissed with prejudice, the bank is not precluded from filing another mortgage foreclosure action on a subsequent payment default for the reasons set forth in this court's recent *en banc* decision in Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938 (Fla. 3d DCA 2016) (*en banc*), that analysis most recently confirmed in Bartram v. U.S. Bank Nat. Ass'n, No. SC14-1265, 2016 WL 6538647, at *8 (Fla. Nov. 3, 2016) ("[A] 'subsequent and separate alleged

8

default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action.' ) [Singleton v. Greymar Associates, 882 So.2d 1004, 1008 (Fla. 2004)]").

Under Florida Rule of Civil Procedure 1.120(c), while a plaintiff may generally allege the occurrence or performance of conditions precedent to filing suit, a defendant's denial of same must be pled specifically and with particularity:

> **Conditions Precedent.** In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

The underlying purpose of this special pleading rule is "to ensure that the parties in civil litigation are fully apprised, prior to trial, whether compliance or occurrence of a condition precedent is an issue to be proven at trial and that the party that is presumably in a better position to identify a noncompliance or nonoccurrence does so within its pleading." Bank of Am., Nat'l Ass'n v. Asbury, 165 So. 3d 808, 810-11 (Fla. 2d DCA 2015). Therefore, in the context of a mortgage foreclosure action, as is the case in all civil cases, a defendant's "failure to plead a timely, specific denial of whether a condition precedent ha[s] occurred or been fulfilled amount[s] to a waiver of that defense." Id. at 810. Here, the borrower's affirmative defense fails in that it is neither made specifically nor with particularity.

The borrower's relevant affirmative defense stated as follows:

> As and for a **2nd Affirmative Defense**, Plaintiff is precluded from obtaining relief due to the fact that it has failed to satisfy all conditions precedent. Specifically, Plaintiff has failed to comply with the notice requirements in form, substance and delivery as required by the note and/or mortgage. Defendants specifically deny receiving a demand, breach and/or acceleration letter as alleged in the complaint.

As was the case in Godshalk v. Countrywide Home Loans Servicing, L.P., 81 So. 3d 626, 626 (Fla. 5th DCA 2012), the first half of the affirmative defense—which merely alleges that the bank had failed to comply with any of the notice requirements set forth in the note and mortgage—is no more than a "shotgun denial" which, by itself, failed to apprise the bank which of the myriad of notices it had failed to comply with and in what manner. This was neither sufficiently specific nor particular as required by rule 1.120(c). Id. (finding borrower's allegation that the bank had not provided "any of the notices required by the [mortgage] document" failed to satisfy rule 1.120(c)).

To the extent the last sentence of the affirmative defense asserted here provides any insight as to the particular notice requirement with which the bank purportedly failed to comply, the transcripts of the bench trial confirm that the borrower's focus was exclusively on paragraph 22 of the mortgage at issue. Paragraph 22 provides that the bank shall give notice to the borrower prior to acceleration and sets forth what should be specified in the breach/demand letter. It is this letter that the borrowers specifically alleged that they had never received in

10

their affirmative defense. However, at the bench trial, the borrowers did not contest that they had actually received such a breach letter. Nor did they contest the method of delivery, form or substance of the letter provided for in paragraph 22.

Rather, without ever specifically citing to it at trial, the borrowers essentially argued that the bank had failed to comply with paragraph 20 of the mortgage, which provides that the bank may not bring a foreclosure action against the borrower until it has given the borrower notice that he or she is in breach and a "reasonable period" to cure that breach—the reasonable period being the time for cure set forth in the breach letter:

> **20. Sale of Note; Change of Loan Servicer; Notice of a Grievance**
>
> . . . .
>
> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any date owed by reason of, this Security instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provision of this Section 20.

11

Thus, but for the bank's failure to file a notice of cross appeal as to this issue, I would find that the borrowers' failure to identify paragraph 20 as the condition precedent and to specify how the bank failed to comply with it resulted in a waiver of their affirmative defense. See Deutsche Bank Nat'l Trust Co. v. Quinion, 41 Fla. L. Weekly D177, 2016 WL 166648 at *3 (Fla. 2d DCA Jan. 15, 2016) (stating that "to construct a proper denial under . . . rule [1.120(c)], a defendant must, at a minimum, identify both the nature of the condition precedent and the nature of alleged noncompliance or nonoccurrence"); Asbury, 165 So. 3d at 810 (recognizing that the "defendant's failure to identify a specific condition precedent within its pleading results in a waiver of the defense, [and] emanates from the mandatory language found in rule 1.120(c)" that a denial must be made specifically and with particularity).

Though the bank is precluded from raising this issue and though this matter is being dismissed with prejudice for the reasons set forth by the majority, as this court recently explained in Beauvais, 188 So. 3d at 938, the bank is not precluded from accelerating the loan based upon a subsequent default, filing another foreclosure action and collecting on the defaulted promissory note. See Bartram, 2016 WL 6538647, at *8.