*295 SCALES, J.
Appellants Omar G. Lopez and Yassiri Sardinas (together “Borrowers”) appeal a final judgment of the Miami-Dade County Circuit Court awarding a money judgment in a residential foreclosure case, in the amount of $294,685.09, to Appellee Bay-view Loan Servicing, LLC (“Bayview”).[1] At the conclusion of the trial, after finding that Chase Bank had failed to comply with the mortgage’s notice provision, the trial court split Bayview’s foreclosure claim into separate claims for money damages and foreclosure. The trial court then entered a final judgment awarding Bayview money damages under the note while dismissing, without prejudice, the foreclosure claim. Because the remedy crafted by the trial court is inconsistent with the trial court’s factual finding regarding Chase Bank’s non-compliance with the mortgage’s notice provision, we are compelled to reverse.
In 2006, Chase Bank loaned Borrowers $214,139.85. The loan was memorialized with a promissory note and was secured by a mortgage encumbering Borrowers’ condominium property in Miami, Florida. Borrowers failed to make their installment payment due on May 1, 2009, or any subsequent installment payment. On October 10, 2012, Chase Bank sent Borrowers a default notice letter pursuant to paragraph 22 of the mortgage.[2]
Chase Bank’s notice letter gave Borrowers thirty-five days, or until November 14, 2012, to cure the default.[3] Chase Bank, however, filed its foreclosure complaint on October 30, 2012, without giving Borrowers at least thirty days to cure the default, as required by paragraph 22 of the mortgage. Chase Bank’s single-count complaint sought only to foreclose on the mortgage, and did not contain a separate count or claim for money damages under the promissory note.
After conducting a trial, the trial court found that Chase Bank had failed to comply with paragraph 22 of the mortgage, and that Chase Bank’s premature filing of its foreclosure complaint—prior to allowing Borrowers at least thirty days to cure the default as required by paragraph 22 of the mortgage—constituted a material failure by Bayview to establish a condition precedent to foreclosure. The trial court entered an order involuntarily dismissing *296 Bayview’s foreclosure claim, without prejudice.[4]
Notwithstanding the trial court’s finding that Chase Bank had failed to comply with paragraph 22 of the mortgage, thereby failing to establish a condition precedent to both acceleration and foreclosure, the trial court nevertheless awarded Bayview money damages pursuant to the promissory note and entered a final judgment against Borrowers that included the loan’s fully accelerated amount of $294,685.09. Borrowers appeal the final judgment, arguing that the trial court’s unchallenged determination that Chase Bank failed to comply with the mortgage’s notice provision required a complete dismissal of the foreclosure action. Accordingly, Borrowers assert that the trial court is precluded from fashioning the alternate remedy of entering a money judgment, presumably based on the promissory note.[5]
We are guided by two recent decisions of our sister court, Miller v. Bank of N.Y. Mellon, 189 So.3d 359 (Fla. 4th DCA 2016) and Holt v. Calchas, LLC, 155 So.3d 499 (Fla. 4th DCA 2015).[6] The Holt court held that the lender failed to introduce evidence that it had complied with the mortgage’s notice provision. Holt, 155 So.3d at 507. The Holt court concluded that the lender’s failure to comply with this condition precedent in the mortgage warranted “dismissal of the entire case,” rather than merely precluding the lender’s acceleration right. Id. at 507 n. 4.
In Miller, the trial court, despite determining that the lender had not complied with the mortgage’s notice provision, nevertheless found that such failure precluded only the lender’s ability to accelerate, and did not affect the lender’s entitlement to past due installments. Miller, 189 So.3d at 361. Relying on Holt, the Miller court reversed the judgment for the lender, concluding that the trial court’s determination that the lender had not complied with the mortgage’s notice provision[7] required “a complete dismissal.” Id.
It bears noting that the lender in Miller argued in its answer brief that the district court should entertain a challenge by the lender to the trial court’s ruling that the lender had failed to comply with the mortgage’s notice provision. Id. The Miller court concluded that it could not review the trial court’s determination because the lender did not file a cross appeal. Id. at 361-62. Bayview makes the identical argument to us in its answer brief. Even if we were to have reason to discred *297 it the trial court’s conclusion that Chase Bank failed to comply with paragraph 22 of the mortgage, or that Chase Bank’s non-compliance was material, these issues have not been preserved for review by cross appeal. See Webb Gen. Contracting, Inc. v. PDM Hydrostorage, Inc., 397 So.2d 1058, 1059-60 (Fla. 3d DCA 1981) (“The function of a cross-appeal is to call into question error in the judgment appealed, which, although substantially favorable to the appellee, does not completely accord the relief to which the appellee believes itself entitled.”)
The trial court’s factual determination that Chase Bank failed to comply with a condition precedent to foreclosure—the notice provision of paragraph 22 of the mortgage—required the trial court to involuntarily dismiss Bayview’s foreclosure case, with prejudice, and precluded the trial court from fashioning the unpled, alternate remedy reflected in the judgment on appeal. Therefore, we reverse the final judgment, and remand for entry of an order of involuntary dismissal with prejudice.
Reversed and remanded with instructions.

. J.P. Morgan Chase Bank, N.A. (“Chase Bank”), the original lender, filed the mortgage foreclosure complaint in 2012. During the pendency of the trial, Chase Bank assigned its interest in the promissory note and mortgage to Bayview. On April 24, 2014, the trial court granted an order substituting Bay-view as the party plaintiff.

. Paragraph 22 of the mortgage states, in pertinent part:
22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument. ... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the property.... If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding, (emphasis supplied)

.In pertinent part, Chase Bank's notice provides: “If you fail to cure the default on or before November 14, 2012, Chase may accelerate the maturity of the Loan, declare all sums secured by the [mortgage] immediately due and payable, and commence foreclosure by judicial proceedings....”

. As discussed more fully below, Bayview did not file a cross appeal in this case to challenge this finding.

. The record is unclear as to why the trial court fashioned this alternate remedy for Bay-view after making its ruling that Bayview’s foreclosure claim required dismissal. Further, and on a related note, we are puzzled as to why the dismissal of the foreclosure claim was “without prejudice.” A trial court's involuntary dismissal after a trial on the merits operates as an adjudication that, ordinarily, is "with prejudice.” Fla. R. Civ. P. 1.420(b). Our holding obviates the need to speculate about these issues. Suffice to say, the trial court's remedy'—coupling a dismissal without prejudice of the foreclosure claim with a final money judgment on the promissory note— essentially adjudicated an unpled claim for breach of promissory note and therefore was error. See, e.g., Bank of N.Y. Mellon v. Reyes, 126 So.3d 304, 309 (Fla. 3d DCA 2013).

. We note that the trial court did not have the benefit of these decisions.

. While paragraph 22 of the mortgage in our case differs somewhat from its counterparts in both Holt and Miller, all of these provisions plainly establish a condition precedent to foreclosure; that is, before the lender may institute a judicial proceeding under the mortgage, the borrower must receive notice of a right to cure the default.