DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VANESSA COHN,**
Appellant,

v.

**FRANCESCO B. MUTTI,** individually and as Trustee of **THE MONA OLOFFSON TRUST,** et al.,
Appellees.

No. 4D2022-3211

[January 17, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE21-008734.

Richard F. Hussey of Richard F. Hussey, P.A., Fort Lauderdale, for appellant.

No brief filed for appellees.

PER CURIAM.

Vanessa Cohn appeals the circuit court's order partially granting summary judgment for specific performance and denying summary judgment for damages. Cohn raises three arguments on appeal. First, she argues the circuit court erred when it granted relief not sought by either party. Second, she argues the circuit court erred when it denied her motion for summary judgment based on the election of remedies doctrine. Third, she argues the court erred when it denied her motion for summary judgment on the merits.

We agree with Cohn on the first issue. The order granting summary judgment must be vacated because it awarded affirmative relief that was not requested in the pleadings or tried by consent. *See Bank of N.Y. Mellon v. Reyes,* 126 So. 3d 304, 309 (Fla. 3d DCA 2013) (holding that a judgment granting relief not requested in the pleadings is void and should be

vacated).  The circuit court awarded partial ownership of the property to each party, something neither party sought.[1]

Based on our conclusion on the first issue, we need not address Cohn's argument regarding the election of remedies.  However, on the record before us, we affirm the circuit court's denial of Cohn's motion for summary judgment.

We reverse the circuit court's summary judgment order and remand for further proceedings.

*Reversed and remanded.*

KLINGENSMITH, C.J., KUNTZ and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[1] With notice a court may grant summary judgment on grounds not sought by either party.  *See* Fla. R. Civ. P. 1.510(f).  But, here, the court did not provide notice.