HOBSON, Judge.
This is an appeal from a final judgment entered after the trial court directed a verdict for the defendants-appellees at the close of the plaintiff-appellant’s case.
The final judgment states that it was granted upon the grounds set forth in the record. The record discloses that the final judgment was entered on two grounds, to wit, lack of proof of a breach of duty by the appellees, and proof of contributory negligence of the appellant.
Upon a careful review of the record, we hold that the trial judge was eminently correct in directing a verdict for the appel-lees.
One other contention is raised by the appellees in further support of the final judgment. Appellees argue that the appellant did not prove that they owned or controlled the property upon which he tripped and fell over the garbage can.
The pretrial order stated:
“1. This cause arises out of a fall on the part of Plaintiff on the outside premises of THE HIDEAWAY, a beer tavern, on March 7, 1970, in the City of Tampa, in the Port Tampa area, and involves the question of lighting of the premises, propriety of guard posts and safety of premises. The issues are negligence, contributory negligence and damages.” (emphasis added)
Our pretrial procedure pertaining to pretrial conferences is covered by “R.C.P.” Rule 1.200, 30 F.S.A. The principal purpose of a pretrial conference is to simplify *444 the issues to be tried at trial. Subsection (c) states in part:
“ * * * limiting the issues for trial to those not disposed of by admissions or agreements of the parties.”
The pretrial order having limited the issues to negligence, contributory negligence and damages, it was not necessary for the appellant to prove at trial the appellees’ ownership or control of the property upon which the accident occurred.
The appellant having failed to show reversible error, the final judgment is
Affirmed.
MANN, C. J., and BOARDMAN, J., concur.