652 So.2d 1154 (1995)
Bobby COOKE, d/b/a Continental Top Shop, Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, Appellee.
No. 94-01045.
District Court of Appeal of Florida, Second District.
February 10, 1995.
Rehearing Denied April 4, 1995.
*1155 Bruce A. Walkley of Walkley & Walkley, Tampa, for appellant.
Jerry A. Setchel of Law Offices of J.A. Setchel, Tampa, for appellee.
ALTENBERND, Judge.
The plaintiff, Bobby Cooke, d/b/a Continental Top Shop, appeals a final judgment entered after a directed verdict in his action seeking payment for a fire loss. We reverse and remand for a new trial.
On November 26, 1988, a fire destroyed Cooke's business. Prior to the fire, the Insurance Company of North America (INA) issued a commercial property insurance policy, effective July 14, 1988, providing a one-year term of coverage for Cooke's premises. After the fire, INA maintained that the policy, which had been purchased under a premium finance agreement, had been properly cancelled before the fire. Accordingly, Mr. Cooke filed this lawsuit. The dispute has resulted in an extensive development of the law concerning cancellation of premium-financed insurance policies. See Cooke v. Insurance Co. of North America, 603 So.2d 520 (Fla. 2d DCA 1992), approved in part, quashed in part, 624 So.2d 252 (Fla. 1993).
Following the supreme court's decision in 1993, the case was remanded to the trial court for further proceedings. At a pretrial conference on February 14, 1994, the parties identified three issues for trial, which were expressly incorporated into the uniform pretrial conference order as follows:
a.) whether the notice of intent to cancel the policies was mailed
b.) losses sustained by the Plaintiff under the policies
c.) whether the Plaintiff can recover in this case (1) the owner's interest in damaged building and (2) the owner's interest in a damaged vehicle.
The order does not incorporate by reference all pleaded issues or contain some generic description of additional issues for trial.
At trial, the plaintiff introduced the relevant insurance policy and had Mr. Cooke describe the fire and the resulting losses. Near the end of the first day of trial, the plaintiff rested, anticipating that INA would then attempt to prove cancellation of the *1156 policy. Instead, INA moved for a directed verdict on the ground that the plaintiff had failed to establish required conditions precedent. INA maintained that Mr. Cooke was obligated to prove: (1) he had given notice of the fire to INA, (2) he had submitted an adequate proof of loss, and (3) INA had declined to pay the loss. Plaintiff's counsel indicated that he thought these issues had been resolved, and that the plaintiff would not be suing INA if it had paid the claim. The trial court reserved ruling on the motion and adjourned for the day.
The next morning, INA's counsel announced that he would present no evidence of cancellation and would rest without presenting a case. After further argument on the motion for directed verdict, the trial court concluded Mr. Cooke had not established a prima facia case and directed a verdict in favor of INA.
We conclude that the trial court erred for two reasons. First, INA never pleaded a condition precedent with the specificity and particularity necessary to create an issue for trial. Florida Rule of Civil Procedure 1.120(c) permits the plaintiff to plead performance of conditions precedent in general terms. If a defendant wishes to deny such performance, the denial must be alleged "specifically and with particularity." Fla. R.Civ.P. 1.120(c). In this case, Mr. Cooke alleged compliance with all conditions precedent in general terms. INA denied these allegations in general terms. It never pleaded any of the issues raised in its motion for a directed verdict. Thus, it had no right to demand proof from the plaintiff of conditions precedent that were not preserved in the pleadings. See Scarborough Assocs. v. Financial Fed. Sav. & Loan Ass'n of Dade County, 647 So.2d 1001 (Fla. 3d DCA 1994).
Even if the conditions precedent had been raised in INA's answer, these issues were abandoned in the pretrial order. One of the primary purposes of a pretrial conference is to simplify the issues for trial. Fla. R.Civ.P. 1.200(b)(1). The pretrial order in this case contains no catch-all language intended to preserve all pleaded issues for trial and specifically enumerates the issues for trial. The transcript of the pretrial conference establishes that INA did not indicate at that time any need for proof concerning conditions precedent.
It is well established that, after its entry, the pretrial order controls the subsequent course of the action. Fla.R.Civ.P. 1.200(d). For example, although ownership or control of property must be established in a premises liability action, proof of ownership can be waived if it is not an issue reserved in the pretrial order. Sellars v. Cosby, 289 So.2d 443 (Fla. 2d DCA 1974). In light of the issues described in the pretrial order in this case, plaintiff's counsel had no reason to anticipate that he must offer additional evidence beyond that which he presented.
Finally, we note that INA has always maintained that the relevant policy was cancelled prior to the fire. If INA proves this affirmative defense under the guidelines explained by the supreme court, it will win the lawsuit without regard to conditions precedent. However, if INA does not prove its defense, then the denial of coverage on the ground of cancellation will have been improper, and INA will have little, if any, right to rely upon the conditions precedent in the policy that it repudiated. Wegener v. International Bankers Ins. Co., 494 So.2d 259 (Fla. 3d DCA 1986), review denied, 504 So.2d 767 (Fla. 1987).
Reversed and remanded.
PARKER, A.C.J., and LAZZARA, J., concur.