NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BANK OF AMERICA,                          )
NATIONAL ASSOCIATION,                     )
                                          )
          Appellant,                      )
                                          )
v.                                        )          Case No. 2D14-1965
                                          )
BROOKE G. ASBURY,                         )
                                          )
          Appellee.                       )
_____   )

Opinion filed May 27, 2015.

Appeal from the Circuit Court for Sarasota
County; Kimberly Carlton Bonner, Judge.

Elizabeth T. Frau and Robert Schneider
of Ronald R. Wolfe & Associates, P.L.,
Tampa; Jessica Zagier Wallace of Carlton
Fields Jorden Burt, P.A., Miami; Michael
K. Winston and Dean A. Morande,
Carlton Fields Jorden Burt, P.A., West
Palm Beach, Miami, for Appellant.

David A Fernandez of Skyway Law
Group, P.A., Clearwater, for Appellee.


LUCAS, Judge.

          In this residential mortgage foreclosure action, Bank of America appeals

the trial court's entry of a final judgment in favor of the defendant homeowner, Brooke

Asbury. The trial court determined that Bank of America failed to prove that it had complied with the condition precedent of mailing a default notice to Asbury prior to initiating its foreclosure lawsuit. The court further found that the default letter proffered by Bank of America at the nonjury trial was admissible to show that it had been prepared but would not be admitted to establish that it had been mailed. Because Asbury never identified this condition precedent or its alleged noncompliance within her pleadings, we conclude the trial court erred in entering judgment against Bank of America on that basis. Accordingly, we reverse and remand for further proceedings.

Asbury was the owner of residential property in Sarasota County that was encumbered by a promissory note and mortgage. Following nonpayment on her loan, Bank of America[1] accelerated Asbury's note and filed a single-count complaint against Asbury on July 29, 2009, seeking to foreclose on the mortgage. In her answer, Asbury generally denied Bank of America's claims, and in response to the bank's general allegation that "all conditions precedent to the acceleration of the Mortgage Note and foreclosure of the Mortgage have been performed or have occurred," Asbury replied, "without knowledge." The pleadings went through minor iterations, none of which

---

[1]It is unclear on the record before the court how, or at what point, Bank of America became the party plaintiff in this matter. Although Asbury filed a motion challenging Bank of America's standing, the trial court never addressed standing or ruled on Asbury's motion. Accordingly, we do not consider that issue in this appeal. See Hamilton v. R.L. Best Int'l, 996 So. 2d 233, 235 (Fla. 1st DCA 2008) (holding that the preservation of error for appellate review is not completed until the aggrieved party has obtained a ruling on the motion in the lower tribunal).

altered Bank of America's general allegation concerning the fulfillment of the conditions precedent to its lawsuit or clarified Asbury's general denial of that allegation.[2]

A nonjury trial was held on February 24, 2014. From the record, it appears the circuit court was troubled by what it perceived to be Bank of America's failure to prove that a required default notice had, in fact, been mailed to Asbury before the filing of the lawsuit. The court ultimately entered a final judgment on May 8, 2014, in favor of Asbury. In its judgment, the court found that Bank of America had "failed to introduce any evidence to satisfy to the Court that conditions precedent were met and the default letter was mailed." Bank of America timely appealed.

We find Bank of America's first point on appeal, which revolves around the state of the pleadings at the time of the trial, to be dispositive. Bank of America argues that the trial court was precluded from considering whether a default notice had been delivered because Asbury did not properly raise that issue, either within her answer or as an affirmative defense, prior to trial. Bank of America is correct.

Litigants in civil controversies must state their legal positions within a particular document, a pleading, so that the parties and the court are absolutely clear what the issues to be adjudicated are. As the Florida Supreme Court explained in Hart Properties, Inc. v. Slack, 159 So. 2d 236, 239 (Fla. 1963):

> [I]ssues in a cause are made solely by the pleadings . . . .
> [The purpose of pleadings] is to present, define and narrow
> the issues, and to form the foundation of, and to limit, the
> proof to be submitted on the trial. The objective sought in
> the present rules is to reach issues of law and fact in one
> affirmative and one defensive pleading.

---

[2]Asbury's response in her answer of "without knowledge" is treated as a denial of Bank of America's allegation. See Fla. R. Civ. P. 1.110(c).

Florida Rule of Civil Procedure 1.120(c) establishes a special pleading rule in regard to conditions precedent: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." Under this rule a plaintiff is allowed to allege in a generalized fashion that all the conditions precedent to a cause of action, whatever they may be, have either occurred or been performed. A defendant, as the responding party, shoulders the responsibility of identifying a specific, unfulfilled condition precedent should it wish to deny that general averment. The case at bar presents the issue of what effect a defendant's failure to comply with rule 1.120(c) should have at trial. It is an issue we have addressed before.

In Cooke v. Insurance Co. of North America, 652 So. 2d 1154, 1155 (Fla. 2d DCA 1995), INA, an insurance company, declined its insured customer's claim for losses resulting from a fire. The insured filed a lawsuit against INA, which included an allegation of compliance with all conditions precedent. Id. at 1156. INA's answer offered only a general denial of that allegation, but when the case proceeded to trial, INA for the first time argued that its customer had failed to prove he had provided notice of the fire to INA, submitted an adequate proof of loss, or that INA had declined to pay that loss prior to filing his lawsuit, all of which, INA maintained, were conditions precedent to the insured's claim. Id.

Reversing the trial court's directed verdict for INA, we explained the importance of proper pleading practice for conditions precedent:

> Florida Rule of Civil Procedure 1.120(c) permits the plaintiff to plead performance of conditions precedent in general

- 4 -

terms. If a defendant wishes to deny such performance, the denial must be alleged "specifically and with particularity." In this case, Mr. Cooke alleged compliance with all conditions precedent in general terms. INA denied these allegations in general terms. It never pleaded any of the issues raised in its motion for a directed verdict. Thus, *it had no right to demand proof from the plaintiff of conditions precedent that were not preserved in the pleadings.*

Id. at 1156 (emphasis added) (citations omitted).

Similarly, in VonDrasek v. City of St. Petersburg, 777 So. 2d 989, 990 (Fla. 2d DCA 2000), the City of St. Petersburg answered a personal injury complaint, claiming it was without knowledge whether a plaintiff had fulfilled all of the conditions precedent to filing a personal injury lawsuit. The city later attempted to argue that the complaint should have been dismissed because the plaintiffs failed to provide adequate notice to the city prior to initiating their lawsuit under section 768.28(6), Florida Statutes (1993). Id. We reversed the trial court's dismissal and held that the city's failure to plead a timely, specific denial of whether a condition precedent had occurred or been fulfilled amounted to a waiver of that defense. Id. at 991; see also Griffin v. Am. Gen. Life & Acc. Ins. Co., 752 So. 2d 621, 623 n.1 (Fla. 2d DCA 1999) ("If satisfaction of the condition precedent is not denied with specificity, it is waived.").

The legal rule we applied in Cooke, VonDrasek, and Griffin, that a defendant's failure to identify a specific condition precedent within its pleading results in a waiver of the defense, emanates from the mandatory language found in rule 1.120(c), "[a] denial . . . *shall* be made specifically and with particularity" (emphasis added), as well as the underlying purpose of this special pleading rule: that is, to ensure that the parties in civil litigation are fully apprised, prior to trial, whether the compliance or occurrence of a condition precedent is an issue to be proven at trial and that the party

that is presumably in a better position to identify a noncompliance or nonoccurrence does so within its pleading. Cf. VonDrasek, 777 So. 2d at 991 n.1 (quoting commentary to Fla. R. Civ. P. 1.110: "The contents of a pleading . . . should clearly and adequately inform the judge and the opposing party . . . of the position of the pleader.").

While recognizing the pleading requisites of rule 1.120(c), Asbury argues that the rule does not apply here because the only condition precedent to the acceleration of her promissory note was the lender's compliance with Paragraph 22 of her mortgage. That paragraph includes the requirement that the lender furnish a default notice to the borrower prior to instituting a foreclosure action. According to Asbury, Bank of America could not have been surprised or caught unaware at trial that it would have to furnish evidence of mailing a default notice because that was the only condition precedent to its lawsuit, and she generally denied that the bank had satisfied that requirement.

Regardless of whether or not the only condition precedent for the filing of the bank's lawsuit was the delivery of a default notice, Asbury's argument for affirmance must be rejected. There is no exception in rule 1.120(c) for claims that have a single condition precedent to their maintenance. Nor will we construe one as Asbury suggests. See Barco v. Sch. Bd. of Pinellas Cnty., 975 So. 2d 1116, 1121-22 (Fla. 2008) ("[I]t is well settled that the Florida Rules of Civil Procedure are construed in accordance with the principles of statutory construction. When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plane and obvious meaning.") (citations omitted). Asbury's

construction would turn the special pleading requirements of rule 1.120(c) completely around. It was Asbury, not Bank of America, who was obliged to frame the specific issue within her pleadings of whether or not a default letter's mailing had occurred. She failed to do so. Nowhere within Asbury's answer or affirmative defenses was there any mention of a purported failure to deliver a default notice. She should not have been heard to challenge that condition precedent at the trial. See VonDrasek, 777 So. 2d at 991; Cooke, 652 So. 2d at 1155.

Accordingly, we reverse the final judgment and remand for a new trial consistent with this opinion.

VILLANTI, C.J., Concurs.
SILBERMAN , J., Concurs with opinion.

SILBERMAN, Judge, Concurring specially.

I concur in the decision to reverse but make the following observations.

First, Bank of America presented evidence through its sole witness attempting to establish it had properly sent a notice of default, thereby performing that condition precedent to foreclosure. Asbury challenged the evidence, including the witness's competence to testify as to the sending of the notice. But she then elicited specific testimony from the witness supporting Bank of America's contention that the default notice was properly sent. In fact, based on Asbury's prodding, the witness testified that Bank of America's business records would establish the mailing.

Bank of America then resumed questioning the witness. Oddly, rather than introducing the business records into evidence or obtaining additional testimony regarding mailing of the default notice, Bank of America instead got its witness to agree that it was possible a default letter would not be mailed but would instead be "sent to the trash can."

The majority correctly observes that Asbury failed to properly raise Bank of America's noncompliance with a condition precedent as an affirmative defense. However, based on the evidence summarized above and the rest of the trial transcript, Asbury might have been able to make a colorable argument both in the trial court and on appeal that the issue was tried by consent. See C.J. v. Dep't of Children & Family Servs., 9 So. 3d 750, 755 (Fla. 2d DCA 2009); Scariti v. Sabillon, 16 So. 3d 144, 145-46 (Fla. 4th DCA 2009). But Asbury never made that argument.

Second, in announcing judgment for Asbury, the trial court ruled that "there's no -- nothing in the evidence to satisfy the Court's need to know that the default

letter was mailed."  The court noted the testimony of the sole witness regarding a postal bar code that was contained in Bank of America's records.  The witness had testified that the bar code proved the default letter was sent and went through the mail.  The trial court rejected the testimony as hearsay even though no objection was made and, in fact, Asbury had elicited that testimony.  Although on appeal Bank of America points to the testimony as establishing its compliance with the condition precedent, it failed to argue to the trial court that the testimony should have been accepted as proof of compliance.  See Aills v. Boemi, 29 So. 3d 1105, 1108-09 (Fla. 2010) (recognizing that for an argument to be preserved for appeal, the specific legal ground on which the claim is based must be asserted in the trial court).

Based on the foregoing and Asbury's failure to plead the affirmative defense of noncompliance with a condition precedent, I concur in the majority decision.