NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEUTSCHE BANK NATIONAL TRUST      )
COMPANY, AS INDENTURE TRUSTEE,    )
FOR NEW CENTURY HOME EQUITY       )
LOAN TRUST 2005-2,                )
                                  )
            Appellant,            )
                                  )
v.                                )     Case No. 2D14-1560
                                  )
DORIS QUINION, WANDA CRESON,      )
JIM CRESON, and NEW CENTURY       )
MORTGAGE,                         )
                                  )
            Appellees.            )
_____    )

Opinion filed January 15, 2016.

Appeal from the Circuit Court for
Hillsborough County; Christine K. Vogel,
Judge.

Morgan L. Weinstein of Van Ness Law
Firm, PLC, Deerfield Beach, for Appellant.

Mark P. Stopa of Stopa Law Firm, Tampa,
for Appellees Wanda Creson and Jim
Creson.

No appearance for remaining Appellees.


LUCAS, Judge.

In this mortgage foreclosure action, Deutsche Bank National Trust Company appeals an order of dismissal entered in favor of the borrowers, Wanda and Jim Creson.[1]  Deutsche Bank argues several issues on appeal.  Because we find merit in its first argument that the Cresons' answer did not sufficiently allege a failure of a condition precedent, we reverse the circuit court's order without addressing the remaining issues that were raised in this appeal.

In 2011 Deutsche Bank filed a lawsuit against the Cresons to foreclose on a residential mortgage on their property in Tampa.  In its complaint, Deutsche Bank alleged that it had standing to bring the action as an assignee of the Cresons' original note and mortgage with New Century Mortgage Corporation and that the Cresons had defaulted on the note by failing to make any payments since November of 2010.  Paragraph 2 of the complaint included an allegation that "[a]ll conditions precedent to the filing of this matter have been completed and/or waived."

The Cresons generally denied Deutsche Bank's allegations in their answer.  With respect to Deutsche Bank's allegation concerning conditions precedent, the Cresons' answer stated the following:

> Defendants deny the allegations in paragraph 2 of the Complaint.  Specifically, and without limitation, Plaintiff failed to give notice of the alleged default and an opportunity to cure, as required. Further, Plaintiff failed to comply with the requirements of the National Housing Act, 12 U.S.C. § 1701x(c)(5), under which Plaintiff is required to complete pre-foreclosure counseling with Defendants[,] and Plaintiff

---

[1]Appellee, Ms. Doris Quinion also executed the subject note and mortgage.  However, the trial court entered a default judgment against Ms. Quinion in July 2011.  She did not participate in the proceedings below and has not made an appearance in this appeal.

failed to comply with the requirements of . . . § 559.715[,] Fla. Stat.

The litigation proceeded to a hearing on the Cresons' motion for summary judgment. The circuit court was persuaded that Deutsche Bank had failed to comply with a condition precedent the court construed from section 559.715, Florida Statutes (2014). On February 25, 2014, the circuit court entered its order of dismissal, which stated simply that "Plaintiff did not comply with Fla. Stat. 559.715." The court dismissed Deutsche Bank's complaint but without prejudice for it to file a new lawsuit. Because the order of dismissal both disposed of Deutsche Bank's complaint and required it to initiate a separate lawsuit, we have jurisdiction to consider this appeal. See Hinote v. Ford Motor Co., 958 So. 2d 1009, 1010 (Fla. 1st DCA 2007) ("The order of dismissal is clearly final when, for instance, the claim could only be pursued by filing a new complaint . . . ." (citing Delgado v. J. Byrons, Inc., 877 So. 2d 822 (Fla. 4th DCA 2004))). We review a court's dismissal of a complaint de novo. Williams v. Gaffin Indus. Servs., Inc., 88 So. 3d 1027, 1029 (Fla. 2d DCA 2012); Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151, 153 (Fla. 2d DCA 2007).

Section 559.715, Florida Statutes (2010), titled "Assignment of consumer debts," is part of the Florida Consumer Collection Practices Act, and it reads as follows:

> This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt. The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default.

- 3 -

The parties have staked divergent positions about this statute, its applicability to residential mortgage loans, and whether it creates a condition precedent for actions to foreclose on a security interest, such as a mortgage. In this opinion, we address only the more preliminary concern of how such issues should be raised in civil pleading practice.

Florida Rule of Civil Procedure 1.120(c) imposes a heightened pleading requirement upon a litigant who wishes to challenge the fulfillment of a condition precedent; under the rule, "[a] denial of performance or occurrence shall be made specifically and with particularity." Assuming, as the trial court did, that section 559.715 imposed a condition precedent to Deutsche Bank's foreclosure action, the burden fell to the Cresons to first frame that issue, specifically and with particularity, in their answer. On appeal, they argue that their answer's averment that "Plaintiff failed to comply with the requirements of . . . § 559.715 Fla. Stat." met that burden. They contend that by denying Deutsche Bank's general allegation of compliance and then identifying a statute that, by their reading, contains only one condition precedent (the provision of a notice of assignment to a borrower), the specificity required by rule 1.120(c) was met. Given the statute's brevity, the Cresons argue, a general allegation of the noncompliance with the condition should suffice. We disagree.

We do not believe the text of rule 1.120(c) supports an alternative pleading standard for claims where there is arguably only one discrete condition precedent at issue. Cf. Barco v. Sch. Bd. of Pinellas Cty., 975 So. 2d 1116, 1122 (Fla. 2008) (affriming that a rule of civil procedure "must be given its plain and obvious meaning" (quoting Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984))); S2 Global, Inc. v.

- 4 -

Tactical Operational Support Servs., LLC, 119 So. 3d 1280, 1283 (Fla. 4th DCA 2013) (recognizing that when a rule of civil procedure "is clear and unambiguous and conveys a clear and definite meaning," the plain language of the rule controls). The rule's language does not brook exceptions for certain kinds of conditions precedent, a point we recently made when we rejected a similar argument in another foreclosure case. See Bank of Am., N.A. v. Asbury, 165 So. 3d 808, 811 (Fla. 2d DCA 2015) (reversing and remanding for new trial where borrower failed to sufficiently allege a denial of a condition precedent's occurrence because "[r]egardless of whether or not the only condition precedent for the filing of the bank's lawsuit was the delivery of a default notice . . . . [T]here is no exception in rule 1.120(c) for claims that have a single condition precedent to their maintenance").

Turning, then, to the rule's pleading standard, a denial under rule 1.120(c) requires more than mere notice of a potential condition precedent. Rather, to construct a proper denial under the rule, a defendant must, at a minimum, identify both the nature of the condition precedent and the nature of the alleged noncompliance or nonoccurrence. As the Fifth District explained in Godshalk v. Countrywide Home Loans Servicing, L.P., 81 So. 3d 626, 626 (Fla. 5th DCA 2012):

> The purpose of Florida Rule of Civil Procedure 1.120(c) is to put the burden on the defendant to identify the specific condition that the plaintiff failed to perform—so that the plaintiff may be prepared to produce proof or cure the omission, if it can be cured. The rule is intended to force a defendant to show his hand in advance to avoid surprise.

See also Asbury, 165 So. 3d at 811 (observing that rule 1.120(c) apprises the parties and the court whether a condition precedent will be an issue at trial "and that the party

that is presumably in a better position to identify a noncompliance or nonoccurrence does so within its pleading").

Here, the Cresons did identify a Florida statute, section 559.715, which, they contend, was a condition precedent to Deutsche Bank's filing of a foreclosure lawsuit. But their answer did not allege how Deutsche Bank failed to satisfy this statute's requirements. Nor did their denial indicate what within the statute was supposed to occur but did not. From such a broad assertion of denial, one could plausibly construe at least three different potential positions on the part of the Cresons: that Deutsche Bank failed to send any prior notice of an assignment of the mortgage; that it sent a notice but outside of the thirty-day deadline; or that it sent a timely notice but failed to adequately inform the borrower of the assignment.[2] That is the kind of pleading ambiguity rule 1.120(c) was meant to ameliorate. See Asbury, 165 So. 3d at 811; Godshalk, 81 So. 3d at 626.

The Cresons bore the burden of identifying both the nature of the condition precedent and the nature of its alleged failure before the trial court could dismiss Deutsche Bank's complaint on any such basis. See Paulk v. Peyton, 648 So. 2d 772, 774 (Fla. 1st DCA 1994). The Cresons failed to meet that pleading requirement

---

[2]It would appear the Cresons may have attempted to clarify their position within a motion for summary judgment they later filed. In that motion they argued that "[P]laintiff failed to provide notice of the assignment of the debt to Defendants at least 30 days before filing this action." But a statement in a motion for summary judgment could not cure the pleading deficiency of the Cresons' answer. Cf. Cooke v. Ins. Co. of N. Am., 652 So. 2d 1154, 1156 (Fla. 2d DCA 1995) (holding that where insurance company failed to plead a condition precedent with specificity and particularity, "it had no right to demand proof from the plaintiff of conditions precedent that were not preserved in the pleadings"). The Cresons never sought to amend their answer.

- 6 -

in their answer. Accordingly, we reverse the circuit court's order of dismissal and remand this case for further proceedings.

Reversed and remanded.


ALTENBERND and SALARIO, JJ., Concur.