WELLS, Judge, specially
concurring.
I agree with majority’s conclusion that on the facts of this case the trial court could not fashion the alternate remedy of a money judgment in the bank’s favor where a prayer for such relief was not pled in the underlying complaint. I also agree that this case must be reversed and remanded for entry of an order of involuntary dismissal. I do so because the bank failed to file a notice of cross appeal, thereby failing to preserve for appellate review the trial court’s determination that the bank had not complied with the mortgage’s notice provision. But for the bank’s failure to cross appeal this issue, I would reverse for entry of final judgment of foreclosure in the bank’s favor for the reasons that follow. I also write separately to emphasize that although the majority agrees with the trial court that this matter should be dismissed with prejudice, the bank is not precluded from filing another mortgage foreclosure action on a subsequent payment default for the reasons set forth in this court’s recent en banc decision in Deutsche Bank Trust Co. Americas v. Beauvais, 188 So.3d 938 (Fla. 3d DCA 2016) (en banc), that analysis most recently confirmed in Bartram v. U.S. Bank Nat. Ass’n, No. SC14-1265, — So.3d -, -, 2016 WL 6538647, at *8 (Fla. Nov. 3, 2016) (“[A] ‘subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action.’) [Singleton v. Greymar Associates, 882 So.2d 1004, 1008 (Fla.2004) ]”).
Under Florida Rule of Civil Procedure 1.120(c), while a plaintiff may generally allege the occurrence or performance of conditions precedent to filing suit, a defendant’s denial of same must be pled specifically and with particularity:
Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.
The underlying purpose of this special pleading rule is “to ensure that the parties in civil litigation are fully apprised, prior to trial, whether compliance or occurrence of a, condition precedent is an issue to be proven at trial and that the party that is presumably in a better position to identify a noncompliance or nonoccurrence does so within its pleading.” Bank of Am., Nat’l *298 Ass’n v. Asbury, 165 So.3d 808, 810-11 (Fla. 2d DCA 2015). Therefore, in the context of a mortgage foreclosure action, as is the case in all civil cases, a defendant’s “failure to plead a timely, specific denial of whether a condition precedent ha[s] occurred or been fulfilled amount[s] to a waiver of that defense.” Id. at 810. Here, the borrower’s affirmative defense fails in that it is neither made specifically nor with particularity.
The borrower’s relevant affirmative defense stated as follows:
As and for a 2nd Affirmative Defense, Plaintiff is precluded from obtaining relief due to the fact that it has failed to satisfy all conditions precedent. Specifically, Plaintiff has failed to comply with the notice requirements in form, substance and delivery as required by the note and/or mortgage. Defendants specifically deny receiving a demand, breach and/or acceleration letter as alleged in the complaint.
As was the case in Godshalk v. Countrywide Home Loans Servicing, L.P., 81 So.3d 626, 626 (Fla. 5th DCA 2012), the first half of the affirmative defense—which merely alleges that the bank had failed to comply with any of the notice requirements set forth in the note and mortgage—is no more than a “shotgun denial” which, by itself, failed to apprise the bank which of the myriad of notices it had failed to comply with and in what manner. This was neither sufficiently specific nor particular as required by rule 1.120(c). Id. (finding borrower’s allegation that the bank had not provided “any of the notices required by the [mortgage] document” failed to satisfy rule 1.120(c)).
To the extent the last sentence of the affirmative defense asserted here provides any insight as to the particular notice requirement with which the bank purportedly failed to comply, the transcripts of the bench trial confirm that the borrower’s focus was exclusively on paragraph 22 of the mortgage at issue. Paragraph 22 provides that the bank shall give notice to the borrower prior to acceleration and sets forth what should be specified in the breach/demand letter. It is this letter that the borrowers specifically alleged that they had never received in their affirmative defense. However, at the bench trial, the borrowers did not contest that they had actually received such a breach letter. Nor did they contest the method of delivery, form or substance of the letter provided for in paragraph 22.
Rather, without ever specifically citing to it at trial, the borrowers essentially argued that the bank had failed to comply with paragraph 20 of the mortgage, which provides that the bank may not bring a foreclosure action against the borrower until it has given the borrower notice that he or she is in breach and a “reasonable period” to cure that breach—the reasonable period being the time for cure set forth in the breach letter:
20. Sale of Note; Change of Loan Servicer; Notice of a Grievance
[[Image here]]
Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party’s actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any date owed by reason of, this Security instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before *299 certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provision of this Section 20.
Thus, but for the bank’s failure to file a notice of cross appeal as to this issue, I would find that the borrowers’ failure to identify paragraph 20 as the condition precedent and to specify how the bank failed to comply with it resulted in a waiver of their affirmative defense. See Deutsche Bank Nat'l Trust Co. v. Quinion, 198 So.3d 701, 703-04 (Fla. 2d DCA 2016) (stating that “to construct a proper denial under ... rule [1.120(c) ], a defendant must, at a minimum, identify both the nature of the condition precedent and the nature of alleged noncompliance or nonoccurrence”); Asbury, 165 So.3d at 810 (recognizing that the “defendant’s failure to identify a specific condition precedent within its pleading results in a waiver of the defense, [and] emanates from the mandatory language found in rule 1.120(c)” that a denial must be made specifically and with particularity).
Though the bank is precluded from raising this issue and though this matter is being dismissed with prejudice for the reasons set forth by the majority, as this court recently explained in Beauvais, 188 So.3d at 938, the bank is not precluded from accelerating the loan based upon a subsequent default, filing another foreclosure action and collecting on the defaulted promissory note. See Bartram, — So.3d at -, 2016 WL 6538647, at *8.