573 So.2d 104 (1991)
Delouis AUGUSTIN, Appellant,
v.
BLOUNT, INC. and Aetna Casualty & Surety, and Division of Workers' Compensation, Appellees.
No. 90-3113.
District Court of Appeal of Florida, First District.
January 3, 1991.
*105 Kathleen L. Spalding of Levine, Busch, Schnepper & Stein, P.A., Miami, for appellant.
Janis Brustares Keyser of Reid, Ricca & Rigell, P.A., West Palm Beach, for appellees.

ON APPELLEES' MOTION TO DISMISS
PER CURIAM.
DeLouis Augustin filed a claim for workers' compensation benefits for an accident that occurred in April, 1990. The employer/carrier moved to dismiss the claim, arguing that it failed to specify the benefits due and it requested benefits not yet due. Judge Jacobsen entered an order captioned "Final Order of Dismissal" which states in the decretal portion that the claim "is hereby dismissed without prejudice." This appeal followed.[1]
The appellees now move to dismiss this appeal for lack of jurisdiction, arguing that the order sought to be reviewed is not a final order. We agree. A final order is one which constitutes an end to the judicial labor in the cause. Howard v. Ziegler, 40 So.2d 776, 777 (Fla. 1949). It is clear from the context of the proceedings below that the dismissal of appellant's claim was without prejudice to his right to file an amended claim that corrects the defects identified in the motion to dismiss. The judicial labor in the lower tribunal is obviously not at an end and it therefore follows that the order is not final and we are without jurisdiction to review it. Hancock v. Piper, 186 So.2d 489 (Fla. 1966). If claimant is unwilling or unable to amend his claim to correct the defects raised in the motion to dismiss, his proper course is to so advise the Judge of Compensation Claims and request entry of a final order of dismissal with prejudice which may be appealed. American Credit Card Telephone Co. v. National Pay Telephone Corp., 504 So.2d 486, 487 (Fla. 1st DCA 1987).
It therefore appearing that the order of the Judge of Compensation Claims was not a final order, appellee's motion is granted and we dismiss this appeal for lack of jurisdiction.
SHIVERS, C.J., and NIMMONS and BARFIELD, JJ., concur.
NOTES
[1] Judge Jacobsen previously entered an order which granted the motion to dismiss. An appeal from that order was dismissed for lack of jurisdiction by unpublished order.