POLEN, C.J.
Alejandro Figueredo, a defendant awaiting trial in the Broward County Jail, brought a civil suit against Sheriff Jenne, seeking injunctive and declaratory relief as well as compensatory and punitive damages based on his alleged mistreatment. Figueredo alleged that while he was a pretrial detainee in the Broward jail he was denied a bed, medical attention, magazines and books, visitation with his family and friends, access to. the courts and library, and privacy. The trial court dismissed all seven counts. Figueredo challenges the dismissal of five of these counts on appeal.
*993 Count II, the alleged denial of Fi-geuredo’s right to receive publications, and count V, the alleged violation of Figeure-do’s privacy rights, were dismissed by the trial court without prejudice. We dismiss the appeal of these counts since a trial court’s dismissal without prejudice is non-final and nonappealable. See Augustin v. Blount, Inc., 573 So.2d 104 (Fla. 1st DCA 1991).
As to the remaining counts; I, denial of medical attention and a bed, III, denial of visitation, and IV, limiting access to the courts, we affirm the trial court’s dismissal, but reverse that order to the extent such dismissal was with prejudice. While we agree with the trial court’s finding that Figueredo’s failure to satisfy the statutory prerequisites of section 768.28(6)(a), Florida Statutes (1999), supports dismissal, we do not maintain that such failure mandates dismissal with prejudice. See Fla. R. Civ. P. 1.120(c);. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979); The court recognizes that while such counts may not have been artfully pled by this pro se litigant, we find the subject allegations sufficient to state a cognizable cause of action, provided appellant can allege and ultimately prove the prerequisites of section 768.28(6)(a). Accordingly, we reverse and remand for further proceedings consistent with this opinion, as to counts I, II, and IV.
DISMISSED IN PART, AFFIRMED IN PART, REMANDED IN PART.
STEVENSON and TAYLOR, JJ., concur.