958 So.2d 1009 (2007)
Thomas HINOTE; Angelo Moultrie; Nickolas Walker; and Donald Smith, Appellants,
v.
FORD MOTOR COMPANY; Ford Motor Company of Canada Limited; Magna International Incorporated; Magna Donnelly Corporation; Donnelly Corporation; and Magna Donnelly International, Inc., Appellees.
No. 1D06-6657.
District Court of Appeal of Florida, First District.
May 25, 2007.
*1010 Neil D. Overholtz and Douglass A. Kreis of Aylstock, Witkin & Sasser, Pensacola, for Appellants.
David E. Canella of Carlton Fields, P.A., Orlando; Brian D. Boyle of O'Melveny & Myers, LLP, Washington, D.C.; Larry Hill of Moore Hill & Westmoreland, P.A., Pensacola; Wendy F. Lumish of Carlton Fields, P.A., Miami; and Christine R. Davis of Carlton Fields, P.A., Tallahassee, for Appellees.
PER CURIAM.
Having considered the parties' responses to this Court's jurisdictional show cause order, issued on February 27, 2007, the appeal is hereby DISMISSED as premature.
The appellants brought this appeal from an order rendered on November 22, 2006, which ordered "that defendants' motion for judgment on the pleadings be and the same is hereby GRANTED and this complaint is dismissed without prejudice." Because it was unclear to the Court whether the "without prejudice" language was intended to allow the appellants to file a new complaint in a separate action or whether it was intended to allow the appellants to file an amended complaint in this action, it was not clear whether this order was a final appealable order. Compare Augustin v. Blount, 573 So.2d 104 (Fla. 1st DCA 1991)(holding dismissal without prejudice to amend complaint in same action is not final), with Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451 (Fla. 1st DCA 1993)(holding dismissal without prejudice to raise issues in a separate future action is final). Therefore, we directed the appellants to show cause why this appeal should not be dismissed as premature. Subsequently, on March 9, 2007, the appellees filed a motion for leave to respond to this jurisdictional show cause order, which motion is hereby granted.
The test of finality is whether the action is disposed of by the order and whether a question remains open for judicial determination. See, e.g., Caufield v. Cantele, 837 So.2d 371, 375 (Fla.2002); Carlton, 621 So.2d at 452. Additionally, "[t]o be appealable as a final order, an order must contain unequivocal language of finality." Hoffman v. Hall, 817 So.2d 1057, 1058 (Fla. 1st DCA 2002). An order that dismisses an action "without prejudice" may or may not be a final order depending on whether it unequivocally disposes of the case. However, generally when such language "is used in an order granting a motion to dismiss the complaint, it signifies that the order is not a final order." See Philip J. Padovano, Florida Appellate Practice § 21.2 (2007 ed.2006). That is, the dismissal of the complaint is without prejudice to amend in the pending action. See, e.g., Augustin, 573 So.2d at 105.
Whether an order unequivocally brings an end to the case by dismissing the action without prejudice to bring another action may be determined by examining the context of the order. Id. The order of dismissal is clearly final when, for instance, the claim could only be pursued by filing a new complaint, Delgado v. J. Byrons, Inc., 877 So.2d 822 (Fla. 4th DCA *1011 2004); or where there was a failure to serve the defendant, Carlton; or failure to exhaust administrative remedies, Hollingsworth v. Brown, 788 So.2d 1078 (Fla. 1st DCA 2001). In these cases the context of the order provides the additional indicia of finality for the order to be final. This Court has looked to the "statement of the evidence prepared pursuant to Florida Rule of Appellate Procedure 9.200," to determine that an order was entered without prejudice to file a new action. Eagle v. Eagle, 632 So.2d 122, 123 (Fla. 1st DCA 1994). On the other hand, where it remains unclear whether the order is intended to be final or nonfinal, it is proper to dismiss the appeal as premature because the order does not contain sufficient language of finality to constitute a final order. See Bushweiler v. Levine, 476 So.2d 725 (Fla. 4th DCA 1985).
We recognize that the opinion in Carnival Corp. v. Sargeant, 690 So.2d 660 (Fla. 3d DCA 1997), addressed this issue of finality and reached a different conclusion. In Carnival Corp., the court held that an order of dismissal without prejudice was final where the order notably did not grant leave to amend. We agree that whether or not an order is entered on the merits, and therefore with prejudice, "although critical on the issue of res judicata, is not critical on the issue of appealability." Gries Inv. Co. v. Chelton, 388 So.2d 1281, 1283 (Fla. 3d DCA 1980). However, an order that affirmatively states the dismissal of a complaint is "without prejudice" is sufficiently equivocal to require further analysis. Such language may render the order nonfinal even without stating the order is "with leave to amend," unless it is clear in the context of the proceedings that any further proceedings must be brought in a separate action.
It is clear from the context of the proceedings below that the dismissal of the appellants' complaint was without prejudice to their right to file an amended complaint that corrects the identified defects. Therefore, the order on appeal is not final and we are without jurisdiction to review it. The appellants' "Motion for Leave of Court to Seek Amendment of Order Pursuant to Rule 1.540(a) of the Florida Rules of Civil Procedure," filed on January 25, 2007, as well as the pending motions for extension of time to file the initial brief are hereby denied as moot.
BROWNING, C.J., VAN NORTWICK and HAWKES, JJ., concur.