# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D23-296
Lower Tribunal No. 2021-CA-002048

_____

REBECCA HUGHES,

Appellant,

v.

UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY,

Appellee.

_____

Appeal from the Circuit Court for Collier County.
Elizabeth V. Krier, Judge.

November 22, 2023

PER CURIAM.

This case concerns whether a statutory pre-suit notice requirement, enacted after an insurance policy's issuance, applies to an even later-filed action for breach of that policy.[1] Bound by precedent, we find that it does not.

Appellant, Rebecca Hughes ("the Insured"), purchased a property insurance policy from Appellee, Universal Property & Casualty Insurance Company ("the

_____

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

Insurance Company"), and sustained an alleged loss before the enactment of section 627.70152, Florida Statutes (2021). She filed her lawsuit, however, after section 627.70152's enactment.

Section 627.70152 requires an insured who desires to sue his or her property insurance carrier to file a pre-suit notice of intent to litigate with the Department of Financial Services before suing. If the insured fails to do so, section 627.70152 mandates that a court dismiss without prejudice[2] any suit brought by the insured for which pre-suit notice was required.

In this case, shortly after the statute's effective date, the Insured sued the Insurance Company for breach of her property insurance policy without first filing a pre-suit notice under section 627.70152. The Insurance Company moved to dismiss based on the Insured's failure to file the pre-suit notice, which the trial court granted.

On appeal, the Insured contends that the trial court erred by holding that she had to file the pre-suit notice before bringing her lawsuit. Relying on the Florida Supreme Court's unanimous decision in *Menendez v. Progressive Express*

---

[2] We have jurisdiction because the trial court's order disposed of the Insured's complaint and required her to file a separate lawsuit. *See Deutsche Bank Nat'l Tr. Co. v. Quinion*, 198 So. 3d 701, 703 (Fla. 2d DCA 2016) (citing *Hinote v. Ford Motor Co.*, 958 So. 2d 1009, 1010 (Fla. 1st DCA 2007) ("The order of dismissal is clearly final when, for instance, the claim could only be pursued by filing a new complaint . . . .")). We review de novo the trial court's dismissal of the Insured's complaint. *See id.*

2

*Insurance Co.*, 35 So. 3d 873 (Fla. 2010), the Insured argues that section 627.70152 is a substantive statute that cannot apply to a claim brought under an insurance policy purchased before the statute's enactment. For the reasons explained below, and even though we might decide differently if writing on a blank slate, we conclude that we are bound by *Menendez* and its progeny. We therefore reverse and certify conflict with *Cole v. Universal Property & Casualty Insurance Co.*, 363 So. 3d 1089 (Fla. 4th DCA 2023).

### Section 627.70152, Florida Statutes (2021)

When the Insured filed her lawsuit in August 2021, section 627.70152 contained eight interrelated subsections.[3] We begin by discussing the relevant provisions and their relation to each other.

Section 627.70152(1) states that "[t]his section applies exclusively to all suits not brought by an assignee arising under a residential or commercial property insurance policy . . . ."

Section 627.70152(3)(a) creates the pre-suit notice requirement:

As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a

---

[3] Section 627.70152 was amended in May 2022 and again in December 2022. Throughout this opinion, the Court discusses section 627.70152 as it read when the Insured filed the lawsuit below in August 2021.

3

determination of coverage under s. 627.70131. . . . The notice must state with specificity all of the following information:

> 1. That the notice is provided pursuant to this section.

> 2. The alleged acts or omissions of the insurer giving rise to the suit, which may include a denial of coverage.

> 3. If provided by an attorney or other representative, that a copy of the notice was provided to the claimant.

> 4. If the notice is provided following a denial of coverage, an estimate of damages, if known.

> 5. If the notice is provided following acts or omissions by the insurer other than denial of coverage, both of the following:

>> a. The presuit settlement demand, which must itemize the damages, attorney fees, and costs.

>> b. The disputed amount.

Section 627.70152(3)(b) tolls the statute of limitations, in certain circumstances, for claims subject to the pre-suit notice requirement. That subsection provides that "[s]ervice of a [pre-suit] notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period."

Section 627.70152(4) imposes a duty on insurers to create procedures to investigate and evaluate claims asserted in pre-suit notices and to respond in writing to such notices:

> An insurer must have a procedure for the prompt investigation, review, and evaluation of the dispute stated in the notice and must investigate each claim contained in the notice in accordance with the Florida

4

Insurance Code. An insurer must respond in writing within 10 business days after receiving the notice specified in subsection (3). The insurer must provide the response to the claimant by e-mail if the insured has designated an e-mail address in the notice.

Section 627.70152(4)(a) requires that "[i]f an insurer is responding to a notice served on the insurer following a denial of coverage by the insurer, the insurer must respond by: 1. Accepting coverage; 2. Continuing to deny coverage; or 3. Asserting the right to reinspect the damaged property." § 627.70152(4)(a)1.–3., Fla. Stat. (2021). The statute then explains that "[i]f the insurer responds by asserting the right to reinspect the damaged property, it has 14 business days after the response asserting that right to reinspect the property and accept or continue to deny coverage." § 627.70152(4)(a)3. The statute of limitations is further tolled while the insurance company reinspects the property:

> The time limits provided in s. 95.11 are tolled during the reinspection period if such time limits expire before the end of the reinspection period. If the insurer continues to deny coverage, the claimant may file suit without providing additional notice to the insurer.

*Id.*

Section 627.70152(4)(b) requires insurers that did not completely deny coverage of an initial claim to respond to a pre-suit notice with a settlement offer or by demanding that the claimant participate in an alternative dispute resolution process:

> If an insurer is responding to a notice provided to the insurer alleging an act or omission by the insurer other than a denial of coverage, the

5

insurer must respond by making a settlement offer or requiring the claimant to participate in appraisal or another method of alternative dispute resolution.

If the insurer demands that the insured participate in an alternative dispute resolution process, this subsection provides for further tolling of the statute of limitations on the insured's claim during the alternative dispute resolution process:

> The time limits provided in s. 95.11 are tolled as long as appraisal or other alternative dispute resolution is ongoing if such time limits expire during the appraisal process or dispute resolution process.

§ 627.70152(4)(b).

Section 627.70152(5) imposes a penalty of dismissal without prejudice for claimants who file suit without first providing the required pre-suit notice:

> A court must dismiss without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this section or if such suit is commenced before the expiration of any time period provided under subsection (4), as applicable.

Section 627.70152(7) provides for yet more tolling of the statute of limitations for thirty days after the "presuit notice process":

> If a claim is not resolved during the presuit notice process and if the time limits provided in s. 95.11 expire in the 30 days following the conclusion of the presuit notice process, such time limits are tolled for 30 days.

Section 627.70152(8) contains multiple provisions concerning a claimant's ability to recover attorneys' fees.[4]  Relevant to the pre-suit notice requirement, section 627.70152(8)(b) provides that where a claimant's lawsuit is dismissed for failure to provide the pre-suit notice, the claimant may not recover any attorneys' fees incurred for services rendered before the dismissal.

Thus, section 627.70152 transformed an insured's ability to sue an insurance company under a property insurance policy and an insurer's obligations to respond to and pay insurance claims.  The statute requires insureds to provide pre-suit notice and, where they do not deny coverage completely, requires insurers to make a pre-suit settlement demand.  The statute mandates insurers to create and apply a new set of procedures to investigate, evaluate, and respond to pre-suit notices.  The statute

---

[4] The bill enacting section 627.70152 also amended section 627.428, Florida Statutes, which provided for awards of appellate fees to claimants who prevailed against the insurer. Claimants in suits arising under property insurance policies not brought by assignees are no longer entitled to recover reasonable attorneys' fees incurred in any action in which a judgment is rendered in favor of the insured, no matter the recovery.  Instead, the amounts of attorneys' fees awards in such lawsuits are governed by section 627.70152(8), which provides a specific method for determining the amount of an award of attorneys' fees based on the amount of recovery.  Because we determine that section 627.70152 is substantive and cannot be applied retroactively even without considering the changes to the method of calculating attorneys' fees awards, we need not consider whether the change to the method of calculating attorneys' fees awards is severable from the rest of the statutory enactment for purposes of determining retroactivity.  On December 16, 2022, the Governor signed into law a bill further amending section 627.428 and deleting section 627.70152(8). These amendments eliminated an insured's statutory right to recover attorneys' fees in an action brought under a residential or commercial property insurance policy.

also contains four provisions altering the statute of limitations that would otherwise apply to an insured's claim under section 95.11, Florida Statutes.

Most significantly, section 627.70152 creates a safe harbor for insurance companies. Before section 627.70152's enactment, an insurer had a single opportunity to evaluate and pay an insurance claim before being sued—when the insured made the claim. If an insurer wrongfully denied a claim, the insured immediately possessed a cause of action against the insurance company for breach of the insurance policy, and the insured could immediately sue the insurance company to recover damages and attorneys' fees. After section 627.70152's enactment, an insurer now has a second opportunity to evaluate and pay a claim and to prevent the insured from asserting a cause of action for breach of the insurance policy. Specifically, after the insurer receives a pre-suit notice of intent to litigate, the insurer has an additional 10 business days to accept coverage and pay the claim. If the insurer pays the claim during that period, the insured's cause of action will never ripen and the claim for attorneys' fees the insured otherwise would have possessed will never exist. This is the definition of a safe harbor.

Further, if the insurance company invokes its right to reinspect the damaged property, the insurance company will have an additional 14 business days in which it can accept coverage and avoid the accrual of the insured's cause of action for breach of the insurance policy. In sum, section 627.70152 significantly alters an

8

insurer's obligation to pay and an insured's right to sue under a property insurance policy.

## Analysis on Section 627.70152's Retroactive Application

On appeal, the Insured argues that section 627.70152 is a substantive statute that cannot apply retroactively to a claim brought under an insurance policy she purchased before the statute's enactment. The Insurance Company responds by arguing that a retroactive application is clearly intended and constitutionally permissible. While these arguments have some allure, we do not decide this case on a blank slate. The Florida Supreme Court has addressed when statutes may apply retroactively and we must apply its precedent faithfully, even if we might decide the case differently as a matter of first principles.

I. **Applying Section 627.70152 to the Insured's Lawsuit Would Constitute a Retroactive Application of the Statute.**

The parties appear to agree that the operative date for determining section 627.70152's retroactive application is the subject policy's issuance date. This makes sense because to determine whether a statute concerning insurance contracts has retroactive application, "we look at the date the insurance policy was issued and not the date that the suit was filed or the accident occurred, because 'the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract.'" *Menendez*, 35 So. 3d at 876 (quoting *Hassen v. State Farm Mut. Auto. Ins.,* 674 So. 2d 106, 108 (Fla. 1996)). It is therefore clear the

9

Insurance Company seeks to apply section 627.70152 retroactively. The question remaining is whether the law allows it.

## II. Section 627.70152 cannot be applied retroactively.

The Florida Supreme Court has set forth a two-part test to determine whether a statute enacted after an insurance policy's issuance applies retroactively. *Menendez*, 35 So. 3d at 877. "First, the Court must ascertain whether the Legislature intended for the statute to apply retroactively." *Id.* To answer that question, we look for "clear evidence of legislative intent to apply the statute retrospectively." *Fla. Ins. Guar. Ass'n v. Devon Neighborhood Ass'n*, 67 So. 3d 187, 194 (Fla. 2011) (quoting *Metro. Dade Cnty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999)); *see also State Farm Mut. Auto. Ins. v. Laforet*, 658 So. 2d 55, 61 (Fla. 1995) ("The general rule is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary . . . ."). The Florida Supreme Court has emphasized that the absence of a statement in a statute that the statute is inapplicable to existing contracts does not constitute clear evidence of retroactive intent. *See Devon*, 67 So. 3d at 197. In sum, clear evidence means just that—actual clear evidence in the statute that the Legislature intended the statute to apply retroactively.

If the first part of the test—clear legislative intent for retractive application of the statute—is satisfied, the Court must next "determine whether retroactive application would violate any constitutional principles." *Menendez*, 35 So. 3d at

10

877.  In this prong, "the central focus of this Court's inquiry is whether retroactive application of the statute 'attaches new legal consequences to events completed before its enactment.'"  *Id.* (quoting *Chase Fed.*, 737 So. 2d at 499).  The Court must reject retroactive application of a statute "if the statute impairs a vested right, creates a new obligation, or imposes a new penalty."  *Id.* (citing *Laforet*, 658 So. 2d at 61); *see also Devon*, 67 So. 3d at 194 ("[I]f a statute accomplishes a remedial purpose by creating new substantive rights or imposing new legal burdens, the presumption against retroactivity would still apply." (quoting *Chase Fed.,* 737 So. 2d at 500 n.9)).  In other words, the second prong of the test determines whether the statute is substantive.

### (a) The Legislature did not intend for section 627.70152 to apply retroactively.

Section 627.70152's text contains no clear evidence of legislative intent for retroactive application; there is no statutory language calling for application of the statute to insurance policies issued before the statute's effective date.  In fact, section 627.70152 makes no mention at all of insurance policies issued before the statute's enactment.  Rather, it contains an effective date of July 1, 2021, indicating legislative intent for the statute to apply beginning on that date.  *See Devon*, 67 So. 3d at 196 ("We have noted that the Legislature's inclusion of an effective date for an amendment is considered to be evidence rebutting intent for retroactive application of a law.").  And of course, the Legislature wrote section 627.70152 and included

11

the effective date against the backdrop of the Florida Supreme Court's clear precedent mandating that courts look "at the date the insurance policy was issued and not the date that the suit was filed." *Menendez,* 35 So. 3d at 876.

The Insurance Company argues that the Legislature intended for section 627.70152 to apply retroactively because the statute states that it applies to "all suits arising under a residential or commercial property insurance policy." "All suits" in section 627.70152(1), the argument goes, would include suits concerning insurance policies issued both before and after the effective date of the statute. But this subsection concerns the types of cases and policies to which the statute applies—cases involving residential or commercial insurance policies not brought by assignees, not *when* the statute applies.

Further, the Legislature's use of the phrase "all suits" in one subsection of an eight-subsection statute is too inconclusive to constitute *clear* evidence of legislative intent for the statute to apply retroactively. *See Villar v. Scottsdale Ins.*, No. 22-CV-21362, 2022 WL 3098912, at *5 (S.D. Fla. Aug. 4, 2022) ("Defendant's reliance on a single word 'all' is insufficient to rebut the presumption of prospective application by showing 'clear' legislative intent that the law should be applied retroactively. Reading the statute as a whole, there is no indication that the statute was intended to be applied retroactively, and the word 'all' refers all cases arising in the future after the effective date of the statute."). When the Legislature wishes to give a statute

12

retroactive effect, it has no trouble doing so clearly and unambiguously. *See, e.g.*, *Laforet*, 658 So. 2d at 57 (describing 1990 statutory amendment that specifically provided for retroactivity to 1982); *Essex Ins. v. Integrated Drainage Sols., Inc.*, 124 So. 3d 947, 951 (Fla. 2d DCA 2013) (describing 2009 statutory amendments which Legislature declared "are remedial in nature and operate retroactively to the regulation of surplus lines insurers from October 1, 1988," and opining that "[a] more clear expression of legislative intent could hardly be found"). Accordingly, if the Legislature intended for section 627.70152 to apply retroactively to insurance policies issued before the statute's effective date, it knew how to say so. This is especially true in light of the Legislature's obligation to speak "clearly" when it intends a statute to apply retroactively and the Florida Supreme Court's declaration that courts would look to "the date the insurance policy was issued and not the date that the suit was filed." *Menendez*, 35 So. 3d at 876.

We note that the Fourth District recently opined that the Legislature did express a clear intent for section 627.70152 to apply retroactively. *See Cole*, 363 So. 3d at 1093. As the Insurance Company urges us to do, the Fourth District relied on the statute's use of "all." *Id.* However, as we explained above, "all" refers to the types of policies the statute applies to, not the timing of the statute's applicability, and reading the statute as a whole, we find this single word in one of eight

13

subsections is insufficient to constitute *clear evidence* of legislative intent for the statute to apply retroactively.

Another statutory clue the Fourth District considered is silence:

The statute goes further and provides that "[a]s a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department." § 627.70152(3)(a), Fla. Stat. Thus, it also applies to all policies, including those already in existence at the time of the statute's effective date. *If the legislature had intended to limit this presuit notice provision to policies issued after the statute's effective date, the legislature would have included language stating so.*

*Id.* (emphasis added). The italicized statement inverts Florida Supreme Court precedent requiring clear evidence of intent for a statute to apply retroactively, not a lack of evidence that the statute applies only prospectively. The absence of language in a statute stating that the statute is inapplicable to existing insurance policies does not constitute clear evidence of retroactive intent. *See Devon*, 67 So. 3d at 197. In short, clear evidence must consist of more than silence.

14

**(b) Even if the Legislature intended section 627.70152 to apply retroactively, section 627.70152 is substantive under precedent of the Florida Supreme Court and cannot be applied retroactively.**

Even if we agreed with the Fourth District that section 627.70152 contains clear evidence of legislative intent to apply the statute retroactively, we would nonetheless find that the statute is substantive and therefore cannot be applied retroactively. Simply put, *Menendez*'s holding compels a finding that section 627.70152 is substantive in nature.

*Menendez* involved an amendment to Florida's "Required Personal Injury Protection" ("PIP") statute that imposed a pre-suit notice requirement similar to the requirement imposed by section 627.70152. 35 So. 3d at 876–77. The *Menendez* Court determined that the statutory amendment at issue contained clear evidence of legislative intent to apply the statute retroactively. *Id*. at 877. Therefore, the supreme court proceeded to determine whether the statute's retroactive application would violate any constitutional principles. *Id*.

The supreme court noted that before the pre-suit notice provision's enactment, the PIP statute did not require an insured to provide notice to an insurer before filing an action for overdue benefits. *Id.* at 878. After enactment, an insured had to provide pre-suit notice . *Id.* If the insurer paid the claim within the additional time provided by the statute, the insured could not sue for late payment or nonpayment; this shielded the insurer from a claim for attorneys' fees. *Id.* The supreme court also

15

noted that the amendment tolled the statute of limitations on the insured's claim during the pre-suit notice process. *Id.* In finding that the pre-suit notice provision was substantive, the supreme court concluded "that the most problematic provisions of the statute [were] those which (1) impose[d] a penalty, (2) implicate[d] attorneys' fees, (3) grant[ed] an insurer additional time to pay benefits, and (4) delay[ed] the insured's right to institute a cause of action." *Id.*

Importantly, the provision implicating attorneys' fees at issue in *Menendez* did not completely eliminate the insured's right to recover attorneys' fees. *Id.* Rather, just like section 627.70152, the provision simply delayed the insured's ability to recover attorneys' fees until after the pre-suit notice process and, if the claim was resolved during the pre-suit notice process, then prevented the insured recovering attorneys' fees. *Menendez*, 35 So. 3d at 878–79. In finding this change to the recovery of attorneys' fees substantive, the *Menendez* Court relied on a First District decision holding that a statutory amendment allowing an employer or insurer an extra 16 days to provide benefits before incurring responsibility for attorneys' fees a substantive statutory change. *Menendez*, 35 So. 3d at 879 (citing *Stolzer v. Magic Tilt Trailer, Inc.*, 878 So. 2d 437, 438 (Fla. 1st DCA 2004)). Here, section 627.70152 potentially allows an insurance company an extra 24 days to pay a claim before exposure to an insured's attorneys' fees.

16

The Florida Supreme Court also relied on another First District case, which found a statute was substantive because it created a safe harbor allowing a party to avoid a claim for attorneys' fees. *Id.* (citing *Walker v. Cash Register Auto Ins. of Leon Cnty., Inc.*, 946 So. 2d 66 (Fla. 1st DCA 2006)). This is exactly what section 627.70152 does, and the *Menendez* Court's conclusion applies to the Insured's situation:

> [T]he 2001 statutory amendment cannot be applied retroactively because it allows an insurer to avoid an award of attorneys' fees, which constitutes a substantive change to the statute in effect at the time the insureds' insurance policy was issued. According to the new statutory presuit notice provisions, an insured is precluded from recovering attorneys' fees if the insurer pays the claim within the additional time period provided by the statute. Similar to the safe harbor provisions at issue in *Stolzer* and *Walker*, which were found to be substantive, the amended statute in this case creates a "safe period" by extending the period of time in which the insurer could pay a claim. Thus, the amendment relieves the insurer of the obligation to pay fees and also constitutes a substantive change to the statute as it existed before the 2001 amendment.

*Menendez*, 35 So. 3d at 879.

Just like the amendment to the PIP statute at issue in *Menendez*, section 627.70152 allows an insurer to avoid an award of attorneys' fees by paying a claim during the safe harbor period provided by the pre-suit notice process. The *Menendez* Court concluded that this was a substantive change to the statute, and so we must do the same.

17

The *Menendez* Court further found the amendment to the PIP statute substantive because it "permit[ted] a delayed payment from an insurer and postpones an insured's ability to bring a suit for overdue benefits."[5] *Id.* at 879. The supreme court noted that before the PIP statute's amendment, an insurance company had to pay a PIP claim within thirty days after receiving a notice of loss. *Id.* "Moreover, an insured had the right to bring suit for an overdue claim once the thirty days had expired." *Id.* After the PIP statute's amendment, however, the insurer had more time to pay the insurance benefits, and an insured could not sue until that time expired. *Id.* The supreme court found that the additional time "substantively alters an insurer's obligation to pay and an insured's right to sue under the contract." *Id.* In this respect, the pre-suit notice provision in section 627.70152 is indistinguishable from the pre-suit notice provision at issue in *Menendez.* Section 627.70152 provides an insurer additional time to pay property insurance benefits, and an insured cannot sue to recover these benefits until the additional time expires. Under *Menendez*, such a statutory change is substantive.

---

[5] We read *Menendez* to state that the change to recovery of attorneys' fees and the change which permitted a delayed payment from an insurer and postponed an insured's ability to bring a suit each independently constitute substantive changes. The Florida Supreme Court stated that the change to recovery of attorneys' fees constituted a substantive change and added that the change, which permitted a delayed payment from an insurer and postponed an insured's ability to bring a suit, "*also* presents a substantive change." *Menendez*, 35 So. 3d at 879 (emphasis added).

18

Nearing its conclusion, the *Menendez* Court summarized a statutory amendment with effects largely synonymous with the ones before us:

> In our view, the statute, *when viewed as a whole*, is a substantive statute. Pursuant to the 2001 version of section 627.736, an insured must now take additional steps beyond filing an application for PIP benefits and beyond complying with section 627.727(4). This includes the preparation and provision of a written notice of intent to litigate, which requires the inclusion of additional information that the insured may not have access to and which may not be sent until the claim is considered overdue under section 627.727(4)(b). An insurer has additional time to meet its obligation under the statute, and an action for a claim of benefits and attorneys' fees cannot be initiated until the additional time for payment has expired. Thus, the statute allows the insurer additional time to pay the claim and affects the insured's right to sue and recover attorneys' fees.

*Menendez*, 35 So. 3d at 879–80 (emphasis added). Indeed, except for the words, "which requires the inclusion of additional information that the insured may not have access to," this paragraph could have been written about section 627.70152.

The *Cole* court distinguished *Menendez* on two grounds, but a subsequent unanimous Florida Supreme Court decision easily resolves these distinctions. *Compare Devon*, 67 So. 3d at 187, *with Cole*, 363 So. 3d at 1093.

One year after the Florida Supreme Court issued *Menendez*, it decided *Devon.* In *Devon*, the Florida Supreme Court applied *Menendez's* two-part test to a case—like this one—involving a property insurance policy. 67 So. 3d at 189. At issue in *Devon* were a 2004 insurance policy and 2005 statutory amendments to an insurance statute, section 627.7015, Florida Statutes. *See id*. at 190–91. The statute required

19

an insurer to notify its insured about the availability of mediation. *Id.* at 191. Failure to notify precluded the insurer from exercising its appraisal rights. *Id.* Before amendment, and at the time the parties entered into the insurance contract, the statute only applied to homeowner's insurance policies. *See* § 627.7015(1) & (7), Fla. Stat. (2004). The 2005 statutory amendment, however, expanded the notice obligation to commercial residential policies. *See* § 627.7015(1) & (7), Fla. Stat (2005).

The insured, a residential condominium association, argued that the insurer's failure to follow the subsequent statutory amendment precluded appraisal. *See Devon*, 67 So. 3d at 190–91. The *Devon* Court held that the trial court had not applied the controlling *Menendez* test.[6] *Id.* at 193–94. It also opined that the

---

[6] The *Devon* Court expressly endorsed the two-prong *Menendez* test as binding. 67 So. 3d at 195–96. But it also acknowledged a preliminary inquiry from its pre-*Menendez* retroactivity precedents, asking whether the amendatory statute under review was "substantive," or "procedural or remedial," to first determine whether the presumption against retroactive application—the first prong of the *Menendez* test—applied. *Id.* at 194–95. Concluding that the amendatory statute was "substantive" and therefore triggered the presumption, and that the presumption was not overcome by clear legislative intent, the *Devon* Court did not reach the second *Menendez* prong. *Id.* at 196–97. The *Menendez* Court itself did not acknowledge a preliminary "substantive" inquiry, but rather assumed the first-prong presumption against retroactivity applied, and found it overcome by clear legislative intent. 35 So. 3d at 877. But the *Menendez* Court's ultimate conclusion that the statutory amendment at issue could not be applied retroactively because it worked a "substantive change to the statute," 35 So. 3d at 875, indicates the preliminary inquiry would have supported application of the first-prong presumption against retroactivity. Because we conclude that the pre-suit notice provision at issue here substantively alters the legal rights and obligations of insurers and insureds, the same result is obtained under either approach. *Cf.* concurrence of White, J., *infra*.

statutory amendments were substantive, observing that they imposed additional cost and notice requirements, as well as a penalty for noncompliance. *Id*. at 194–95.

The *Cole* court first sought to distinguish *Menendez* because it was a PIP case, and it applied "a fundamentally different statutory framework, which includes 'swift and virtually automatic' right of the insured to recover." *See Cole*, 363 So. 3d at 1095 (quoting *Menendez*, 35 So. 3d at 877). As an initial matter, the *Menendez* Court gave no indication it was limiting its holding to PIP cases. Indeed, it structured the opinion by first outlining the PIP amendments at issue, and then applying "the standard applicable to determining whether a statute should be applied retroactively." *See Menendez*, 35 So. 3d at 876. In this sense, the appropriate test is untethered from the amended statute's subject matter. *Id*.; *see also Chase Fed.*, 737 So. 2d at 499 (applying two-part test to amended Dry Cleaning Contamination Cleanup Act); *Laforet*, 658 So. 2d at 61 (applying two-part test to amendments of statutes governing uninsured motorist claims). Regardless, *Devon* applies to the same general type of property insurance policy at issue here. *See Devon*, 67 So. 3d at 190.

Finally, the *Cole* court distinguished *Menendez* by observing that the PIP amendments were all "confined" to a particular statutory subsection. *See Cole*, 363 So. 3d at 1095. Given the *Menendez* Court's admonition that we should determine whether a statute is substantive by viewing it "as a whole," we cannot view this

21

subtle distinction as dispositive. *See* 35 So. 3d at 880. Even if we could, the 2005 statutory amendments in *Devon* applied to more than one statutory subsection. *Compare* § 627.7015(1) & (7), Fla. Stat. (2005), *with* § 627.7015(1) & (7), Fla. Stat. (2004). Therefore, bound by *Menendez* and its progeny, we find that section 627.70152 is substantive and cannot be applied retroactively to insurance policies issued before the statute's effective date.

## CONCLUSION

Florida Supreme Court precedent requires us to hold that section 627.70152 does not apply retroactively to insurance policies entered into before the statute's effective date, both because the statute does not include clear evidence of intent for the statute to apply retroactively and because the statute is substantive and cannot constitutionally be applied retroactively. Accordingly, we reverse the trial court's order granting the Insurance Company's motion to dismiss and remand this case to the trial court for further proceedings consistent with this opinion. We certify conflict with *Cole v. Universal Property & Casualty Insurance Co.*, 363 So. 3d 1089 (Fla. 4th DCA, 2023).

REVERSED and REMANDED. CONFLICT CERTIFIED.

TRAVER, C.J., and NARDELLA, J., concur.
WHITE, J., concurs in result, with opinion.

22

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED
_____

WHITE, J., concurring in result, with opinion.

While I agree that the trial court's order must be reversed, I would do so for somewhat different reasons and on a more limited basis.

The supreme court has recognized "that sometimes '[t]he distinction between substantive and procedural law is neither simple nor certain.'" *Love v. State*, 286 So. 3d 177, 183 (Fla. 2019) (quoting *Caple v. Tuttle's Design-Build, Inc.*, 753 So. 2d 49, 53 (Fla. 2000)). The *Love* court was asked to decide whether the statute that changed the burden of proof at pretrial immunity hearings under the Stand Your Ground law was procedural or substantive. 286 So. 3d at 179-80. It examined a prior decision that described procedural/remedial statutes as those "'which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing.'" *Id*. at 184 (quoting *Smiley v. State*, 966 So. 2d 330, 334 (Fla. 2007) (internal quotation and citation omitted)). It also pointed out that *Smiley* concluded that the original Stand Your Ground statute was substantive because it created a new defense. *Love*, 286 So. 3d at 184.

The supreme court acknowledged that it had declared that a statute is substantive if it "'achieves a remedial purpose by creating substantive new rights or

23

imposing new legal burdens.'" *Love*, 286 So. 3d at 185 (quoting *Smiley*, 966 So. 2d at 334 (internal quotation and citation omitted)). It did not disagree with *Smiley* but concluded that case did not control because the new statute imposed a new procedural burden, making it procedural not substantive. *Love*, 286 So. 3d at 184-85.

The *Love* court stated that its civil cases did not support a contrary conclusion because those cases dealt with statutes that affected or created substantive duties, liabilities, obligations, or rights. *Id.* at 185-86. It found that the new statute did not create a new substantive right because the right to immunity was created in 2005. *Id.* at 186. The supreme court concluded that the new statute "merely altered 'the method of conducting litigation involving' that right." *Id.* (quoting *Caple*, 753 So. 2d at 54 (internal quotation and citation omitted)).

The *Love* court cited *Caple* several times. 286 So. 3d at 183, 185, 186. Therefore, laying out its exposition is warranted:

> The distinction between substantive and procedural law is neither simple nor certain; however, our prior decisions offer some guidance. For example, in *Haven Federal Savings & Loan Ass'n v. Kirian*, we stated:
>
>> Substantive law has been defined as that part of the law which creates, defines, and regulates rights, or that part of the law which courts are established to administer. *State v. Garcia*, 229 So. 2d 236 (Fla. 1969). *It includes those rules and principles which fix and declare the primary rights of individuals with respect towards their persons and property. Adams v. Wright*, 403 So. 2d 391 (Fla. 1981). On

24

the other hand, practice and procedure "encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion. 'Practice and procedure' may be described as the machinery of the judicial process as opposed to the product thereof." *In re Florida Rules of Criminal Procedure*, 272 So. 2d 65, 66 (Fla. 1972) (Adkins, J., concurring). It is the method of conducting litigation involving rights and corresponding defenses. *Skinner v. City of Eustis*, 147 Fla. 22, 2 So. 2d 116 (1941).

579 So. 2d 730, 732 (Fla. 1991) (emphasis added). *See also Benyard v. Wainwright*, 322 So. 2d 473, 475 (Fla. 1975) (stating that "[s]ubstantive law prescribes the duties and rights under our system of government," while "[p]rocedural law concerns the means and method to apply and enforce those duties and rights").

*Caple*, 753 So. 2d at 53-54.

Prior to *Love*, the supreme court explained how the determination that statutory amendments were substantive affected a retroactivity analysis. *Devon*, 67 So. 3d at 194-95. After going through its precedent that established a two-prong test for the retroactivity analysis, the court declared:

The importance of legislative intent in the retroactivity analysis was evident as early as 1887 when this Court stated, "It is a rule of construction that a statute shall not be given a retrospective effect, unless its terms show clearly that such an effect was intended." *McCarthy v. Havis*, 23 Fla. 508, 2 So. 819, 821 (Fla. 1887). In 1920, this Court again stated, "A statute is not to be given retrospective effect, unless its terms show clearly that such an effect was intended." *In re Seven Barrels of Wine*, 79 Fla. 1, 83 So. 627, 632 (Fla. 1920).

*Devon*, 67 So. 3d at 194. The court noted that it had explained that "'a substantive statute will not operate retrospectively absent clear legislative intent to the contrary,

25

but . . . a procedural or remedial statute is to operate retrospectively.'" *Id.* (quoting *Laforet*, 658 So. 2d at 61). The court pointed out, however, that it had cautioned that "'if a statute accomplishes a remedial purpose by creating new substantive rights or imposing new legal burdens, the presumption against retroactivity would still apply.'" *Devon*, 67 So. 3d at 194 (quoting *Chase Federal*, 737 So. 2d at 500 n.9).

Turning to the case before it, the supreme court summarized the statutory amendments at issue:

> [T]he statute in effect in 2004 when the policy was issued did not deprive a commercial residential insurer of its contractual right to require an appraisal of a claimed loss; the statute did not affect commercial residential insurance policies in 2004. The 2005 amended statute extended its reach to commercial residential insurers, requiring them to pay the cost of mediation and imposing the notice requirement on them. The amendments further imposed a new penalty on both commercial residential insurers as well as homeowners' residential insurers—the loss of the right to the contractual appraisal if the insurer fails to give notice of the mediation alternative.

*Devon*, 67 So. 3d at 194-95. It concluded that the statute as amended "cannot be characterized as simply procedural or remedial, but was clearly substantive. Therefore, the presumption against retroactive application of the substantive amendments . . . applies in this case." *Id.* at 195.

In this appeal, *Devon* requires us to determine whether the provisions of section 627.70152 at issue are substantive. Before we do so, however, we must decide which provisions are at issue. The trial court granted the Insurance Company's motion to dismiss pursuant to section 627.70152(5) because it found that

the Insured totally failed to comply with section 627.70152(3)(a) and retroactive application was required by section 627.70152(1).

The supreme court made clear that the two-prong test must be applied "in determining the question of retroactivity of a legislative enactment." *Devon*, 67 So. 3d at 196. An appellate court reviews decisions on matters presented to, and ruled upon by, the lower tribunal. *See* Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 8:7 & n.1 (2023 ed.). Here, the trial court was presented with, and ruled upon, the question of retroactivity of sections 627.70152(1), (3)(a) and (5). Thus, we must confine our review to the trial court's decision on the question of retroactivity of those provisions.

Taken together, sections 627.70152(1), (3)(a) and (5) created a new duty by requiring a written notice of intent to initiate litigation as a condition precedent to filing a suit arising under a property insurance policy. Those provisions also created a new defense (failure to perform a condition precedent) and a new penalty (dismissal and loss of filing fee) for noncompliance with the new duty. Therefore, those provisions are substantive. *See Love*, 286 So. 3d at 185-86; *Devon*, 67 So. 3d at 194-95; *Caple*, 753 So. 2d at 53-54.

Because sections 627.70152(1), (3)(a) and (5) are substantive, the presumption against retroactive application governs. *See Devon*, 67 So. 3d at 195. The supreme court has explained:

The presumption against retroactive application is a well-established rule of statutory construction that is appropriate in the absence of an express statement of legislative intent because

> a presumption against retroactivity will generally coincide with legislative and public expectations. Requiring clear intent assures that [the legislature] itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits. Such a requirement allocates to [the legislature] responsibility for fundamental policy judgments concerning the proper temporal reach of statutes, and has the additional virtue of giving legislators a predictable background rule against which to legislate.

The presumption is rebutted by clear evidence of legislative intent. Thus, we have consistently required the first prong of a retroactivity analysis to inquire into whether there is clear evidence of legislative intent.

*Id.* (citations and quotations omitted).

The statutory provisions at issue in this case do not clearly state that they are to apply retroactively. However, the enacting law that created section 627.70152 states that it is to take effect on July 1, 2021. *See* ch. 2021-77, §§ 12, 15, Laws of Fla. By including an effective date, the Legislature provided evidence that there was no intent for retroactive application of the new statute. *See Devon*, 67 So. 3d at 196. It is of no moment that the enacting law does not state that it is inapplicable to suits arising under property insurance policies issued prior to the effective date. *See id.* at 197. Discerning no clear evidence of legislative intent to apply sections 627.70152(1), (3)(a) and (5) retroactively, I conclude that those provisions may not

28

be utilized to dismiss the Insured's suit that arose under the policy that was issued by the Insurance Company before July 1, 2021. *See Devon*, 67 So. 3d at 197.

Since this case can be resolved under the first prong of the retroactivity analysis, we need not and should not determine whether retroactive application of the statutory provisions at issue passes constitutional muster. *See id.*; *see also In re Holder*, 945 So. 2d 1130, 1133 (Fla. 2006) ("Of course, we have long subscribed to a principle of judicial restraint by which we avoid considering a constitutional question when the case can be decided on nonconstitutional grounds." (citing cases)).

For the foregoing reasons, the trial court erred by granting the Insurance Company's motion to dismiss, and I concur in the judgment to reverse and remand.

_____

Raymond T. Elligett, Jr., and Amy S. Farrior, of Buell & Elligett, P.A., Tampa and Matthew R. Danahy, of Danahy & Dunnavant, P.A., Tampa, for Appellant.

Dinah S. Stein, of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, for Appellee.